432

(No. 47015—Decided March 9, 1984.)

*Mr. Carl Nash,* for appellee.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Q. Albert Corsi,* for appellant Board of Review.

*Mr. Donald N. Jaffe,* for appellant Hahn Manufacturing Co.

NAHRA, J. Claimant-appellee Sambunjak requested time off from his supervisor to go hunting. The supervisor told him he only had one day of vacation left, and that was all he could take. Claimant stated that if he caught a deer on Monday, he would be back Tuesday; otherwise he would return on Wednesday. His supervisor told him if he did not return on Tuesday the supervisor would be forced to take action, but did not specify what that action would be. A fellow employee, Matuzak, also asked for the time off, but was told he had no vacation time left and so could not go.

Claimant did not come to work on Tuesday, November 3, 1981, nor did he call in either Monday or Tuesday to confirm that he would not be in. Matuzak was also absent Monday and Tuesday without calling in. When claimant reported to work on Wednesday, November 4, 1981, he was fired.

Hahn Manufacturing Company has a stated policy, posted over the time clock, that an employee who is absent one ·day without calling in will be suspended one week. Absent two days · without calling in would result in a termination.

Claimant was initially denied unemployment benefits and appealed to a referee. The referee conducted a hearing and affirmed the administrator's decision to deny benefits. The referee's reason for denying benefits states, in part:

"The facts set forth above show that the claimant was discharged for extending his vacation to two days after he had been told that the company would only grant him one day off and that he was expected back at work the following day. While the company policy stating that an employee would be suspended one week following the first instance of an absence without reporting off was not followed, this situation was more serious than the usual one since it involved two employees acting in concert after they had both been told in advance that the claimant must be back by Tuesday and that Matuzak's request had been denied."

After the board of review denied any further administrative appeal,

claimant appealed to the court of common pleas. The court reversed the referee's decision finding that decision to be against the manifest weight of the evidence. The court stated that the employer's action in discharging claimant for taking an extra day off violated the employer's own rule that such conduct results in a one-week suspension, and that the misconduct of another employee cannot be added to claimant's conduct to constitute just cause sufficient to deny a claimant his unemployment benefits.

From this decision, the respondents appeal.

"I. The trial court failed to make appropriate findings of fact and conclusions of law."

Appellants filed their brief on August 8, 1983. The court, while granting appellants' request for findings of fact and conclusions of law on June 13, 1983, did not file them until August 19, 1983. While this delay in filing may have inconvenienced appellants, we cannot say it was prejudicial error requiring reversal.

Civ. R. 52 imposes no time limit on the court within which it must file its findings. Here, appellants had several avenues open to them to handle the late filing by the court. Appellants could have requested an extension of time to file their brief until after the findings of fact and conclusions of law were filed, under App. R. 14(B). They could also have moved to amend or file supplemental briefs once the findings and conclusions were filed, under App. R. 16(C). Also, appellants could have addressed the problems raised in a reply brief, which they chose not to file.[1]

"II. The trial court erred in reversing the decision of the board of review as the board's decision was lawful, reasonable and not against the manifest weight of the evidence."

Only if a court of common pleas finds that the decision of the board was unlawful, unreasonable, or against the manifest weight of the evidence, can it reverse the decision. R.C. 4141.28(O). The lower court did find the referee's decision to be against the manifest weight of the evidence. Upon reviewing the transcript of the hearing, the referee's decision, and the lower court's findings, which are in the record before us, we find that the lower court improperly reversed the referee's decision.

A major factor in the referee's decision to deny benefits was his finding that this occurrence was more serious than a simple absence since it involved two employees acting in concert, after claimant was told to be back on Tuesday and Matuzak's request for time off was denied. Such a finding cannot be said to be against the manifest weight of the evidence presented at the hearing. In dealing with a claim that the judgment is against the manifest weight of the evidence, a reviewing court can reverse only if:

" '[T]he verdict is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice * * *.' " *Royer* v. *Bd. of Edn.* (1977), 51 Ohio App. 2d 17, 20 [5 O.O.3d 138], citing *Jacobs* v. *Benedict* (1973), 39 Ohio App. 2d 141,

---

[1] Additionally, we are not sure Civ. R. 52 applies to appeals to common pleas court from administrative proceedings concerning unemployment claims since the lower court acts as an appellate court, reviewing the record which was before the board of review. No trial *de novo* is held, so no "questions of fact are tried by the court without a jury" as Civ. R. 52 specifies. Here, whether it was required to or not, the court agreed to make such findings. However, as discussed above, the delay in so doing cannot be deemed prejudicial.

434

144 [68 O.O.2d 343]. The evidence presented at the hearing supports a finding that the termination was for good cause, which justifies denying benefits. The board's decision to deny benefits cannot be characterized as a violation of substantial justice. Therefore it was error for the lower court to reverse the board's decision.

The decision of the lower court is reversed.

*Judgment reversed.*

DAY, C.J., concurs.

PARRINO, J., concurs in part and dissents in part. I concur in the majority's decision on appellants' first assignment of error but respectfully dissent from their determination of the second assignment of error.

When a hearing is had before the Ohio Bureau of Employment Services, unemployment benefits may be denied where it is established that the employee was fired for just cause. The absence or existence of just cause for appellee's termination is the issue in this appeal.

The record in this case shows that appellee was an excellent employee.

The stated policy of the employer displayed in a notice above the time clock was that a one-day absence without notice would result in a one-week suspension and a two-day absence would result in termination. The administrator's decision indicates that appellee was absent without notice for one day. Nothing in the record shows that appellee was warned that he would be fired if he took two days off. Appellee had only one day of vacation time remaining. In addition the record does not show that appellee was told that he would be fired if he took two days off with Matuzak.

In my opinion it was unreasonable and arbitrary to couple Matuzak's actions with those of appellee to intensify the "seriousness" of appellee's conduct. Matuzak had no vacation time coming and had an extremely bad work record. To penalize appellee for Matuzak's poor work record was unjustified.

Even though it may have been unwise for appellee to take two days off instead of one, it must have been apparent to him that the likely result, according to the clearly announced company policy, would be that he would receive a one-week suspension rather than be discharged. It is reasonable to assume that an employer, in dealing with his employees, would apply the specific provisions of its own policy.

Under the facts in this case I believe that appellee was fired without just cause and that appellee is entitled to receive unemployment benefits. R.C. 4141.29(D)(2)(a).

Accordingly, I find that the trial court correctly determined that the administrative decision was against the manifest weight of the evidence.

I would affirm.