CB TRANSPORTATION SERVICES, INC., Appellee,

v.

NEWMAN, Appellee; CINCINNATI INSURANCE CO., Appellant.

[Cite as *CB Transp. Serv., Inc. v. Newman* (1993), 87 Ohio App.3d 436.]

Court of Appeals of Ohio,
Butler County.

No. CA92–06–112.

Decided May 3, 1993.

*Morgenstern & Gates Co., L.P.A.,* and *Roger S. Gates,* for plaintiff-appellee.

*Richard N. Koehler II,* for defendant/third-party plaintiff-appellee.

*Thomas K. McMackin,* for third-party defendant-appellant.

WALSH, Judge.

Defendant/third-party plaintiff-appellee, Walter James Newman, owns and operates a liquor establishment in Hamilton, Ohio. On October 13, 1988, Newman rented a recreational vehicle from plaintiff-appellee, CB Transportation Services, Inc., to transport several of the establishment's patrons to a racetrack for an outing. According to the lease agreement Newman signed, he would maintain insurance on the vehicle, and indemnify and hold CB Transportation harmless against any loss or damage to the vehicle which his insurance did not cover.

While returning from the track later that day, the vehicle was damaged in an accident while being driven by Newman. Newman subsequently contacted his insurance company, third-party defendant-appellant, Cincinnati Insurance Company, about the accident, but was notified that exclusionary language in his policy precluded coverage. In pertinent part, the applicable exclusion clause provides:

"(A) We do not provide Liability Coverage for any person:

" * * *

"7. Maintaining or using any vehicle while that person is employed to [*sic*] otherwise engaged in any business or occupation * * *."

CB Transportation thereafter repaired the vehicle and, on July 17, 1990, filed a complaint against Newman in Hamilton Municipal Court seeking recovery of the repair costs. Newman filed an answer on September 25, 1990, as well as a third-party complaint against appellant, which alleged appellant had breached the terms of the contract of insurance.[1]

The court conducted a bench trial on July 2, 1991. In an opinion issued January 14, 1992, the court determined that while the establishment may have gained some goodwill as a result of the outing to the track, the rented vehicle was

---

1. Newman erroneously styled the document as a "counterclaim."

not being used for a business purpose, since Newman did not make a profit from the outing. Finding the exclusion clause in the contract inapplicable, the court ordered judgment for CB Transportation in the amount of $2,049.58 against both Newman and appellant.

Appellant[2] has perfected an appeal to this court and presents the following assignments of error for our review:

Assignment of Error No. 1:

"The trial court erred to the prejudice of the third-party defendant by admitting defendant's Exhibit A and an unauthenticated document into evidence and by failing to grant third-party defendant's motion to dismiss for failing to produce the insurance policy in question."

Assignment of Error No. 2:

"The trial court's conclusion that the recreational vehicle was not being used for business purposes is against the manifest weight of the evidence."

Turning to the second assignment of error, appellant argues that the court's finding that the vehicle was not being used for a business purpose at the time of the accident is against the manifest weight of the evidence.

It is well-settled law in Ohio that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. A reviewing court may reverse a judgment on the ground that the judgment is against the manifest weight of the evidence only if "the verdict is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice * * *." *Sambunjak v. Ohio Bur. of Emp. Serv.* (1984), 14 Ohio App.3d 432, 433, 14 OBR 550, 551, 471 N.E.2d 835, 837; *Royer v. C.R. Coblentz Local School Dist. Bd. of Edn.* (1977), 51 Ohio App.2d 17, 20, 5 O.O.3d 138, 140, 365 N.E.2d 889, 891. See, also, *Philpot v. Williams* (1983), 8 Ohio App.3d 241, 242–243, 8 OBR 314, 315–316, 456 N.E.2d 1315, 1315–1317.

In concluding that the operation of the rented vehicle did not fall within the scope of the establishment's business, the court relied to a large extent on the fact that while Newman charged the patrons a nominal fee in order to cover the outing's expenses, Newman did not make a profit from the outing. Because a

2. Newman did not appeal the entry of judgment against him.

profit was not realized, the court reasoned, the rented vehicle was not used for a business purpose.

█ We find the court's ruling to be against the manifest weight of the evidence. Newman testified at trial that the purpose of renting the vehicle was to promote his liquor establishment. In our view, when a vehicle is used to directly promote a business, the vehicle is engaged in the business and its use thus constitutes a business purpose.

The court's exclusive focus on the outing's profitability to decide the issue was error. While the failure to make a profit is relevant, it is by no means dispositive as to whether the rented vehicle was used for a business purpose, for not all business ventures are profitable nor are all ventures undertaken to make a profit. The instant action serves as an example. Although the outing did not, nor was it intended to, make a profit, Newman acquired some measure of goodwill for his establishment as a result of the trip, which in the long run was intended to have a positive effect on the profitability of his business. For these reasons, we are of the opinion that the judgment rendered by the court was a violation of substantial justice.

Having concluded that Newman's use of the rented vehicle amounted to a business purpose, it is our belief that appellant has satisfied the burden of proving that the exclusion clause at issue applies. *Gibbons v. Metro. Life Ins. Co.* (1939), 135 Ohio St. 481, 14 O.O. 387, 21 N.E.2d 588. Hence, appellant is relieved from providing liability coverage for Newman's accident.

On the basis of the aforementioned, appellant's second assignment of error is well taken and hereby sustained. The cause is thus reversed and remanded with instructions that judgment be entered only against Newman. Further, in light of our resolution of the second assignment of error, appellant's first assignment of error is moot and need not be addressed. App.R. 12(A).

*Judgment reversed*
*and cause remanded.*

JONES, P.J., and WILLIAM W. YOUNG, J., concur.