OPINION
Plaintiffs-appellants, Linda and John Hughes, appeal a jury verdict on their complaint against defendant-appellee Michael T. Koop. The Hughes complain that the jury's verdict was against the manifest weight of the evidence because the jury did not consider uncontroverted general damages in arriving at an award.
Linda Hughes was involved in an automobile accident with Koop on August 18, 1994. The Hughes filed a complaint against Koop on January 12, 1995. The trial court referred the matter to compulsory arbitration, and an arbitration panel subsequently awarded the Hughes $41,000. The Hughes appealed that award, and the matter went before a jury on July 16, 1996.
The parties stipulated that Linda Hughes' medical expenses totaled $13,308. Linda Hughes testified that she suffered $847 in lost wages as a result of the accident. Linda Hughes and her doctor, Rolando F. Go, also offered uncontroverted testimony about her pain and suffering after the accident and resulting medical procedures.
During jury deliberations, the jury made a written request for information about medical expenses and lost wages. The court responded that the medical expenses were $13,308 and lost wages came to $847. The jury returned soon after and rendered a verdict finding each party fifty percent at fault. The jury awarded Linda Hughes $14,155 in damages and nothing on John Hughes' claim for loss of consortium. The jury's verdict of $14,155 was exactly the sum of the medical expense figure and the lost wage figure.
Under a single assignment of error, the Hughes argue that in light of the undisputed evidence presented as to pain and suffering, the jury's verdict was against the manifest weight of the evidence. Koop points out that the parties did not stipulate to Linda Hughes' lost wages and notes that the jury's verdict exceeded the stipulated medical expenses. Koop argues that the excess award over stipulated medical expenses may reflect Hughes' claim for general damages. Koop's argument is unconvincing. Hughes presented the jury with uncontroverted evidence on the Hughes' claim for general damages. The jury, however, awarded an amount exactly equal to the sum of Hughes' stipulated medical bills and undisputed evidence of lost wages. A damage award representing essentially undisputed special damages, with no valuation for uncontroverted general damages for pain, suffering, disability, and disfigurement, is contrary to the manifest weight of the evidence. Hardy v. Osborn (1988), 54 Ohio App.3d 98, 100.
The Hughes argue that they should receive a new trial on liability as well as damages. It is clear the jury's award was against the manifest weight of the evidence. It is unclear, however, whether the jury improperly failed to include pain and suffering in its determination of damages, or whether the jury improperly mixed issues of liability and damages. See Iames v. Murphy (1995), 106 Ohio App.3d 627, 632. When a new trial is granted, it should encompass all issues that are placed in doubt by a tainted verdict. Id. at 633. Here, the jury's reasoning as to comparative negligence between the parties is in doubt. Therefore, this court will remand this case for a new trial on all issues.
The assignment of error is sustained, the judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.
WALSH and POWELL, JJ., concur.