PROGRESSIVE SPECIALTY INSURANCE COMPANY, Appellant,

v.

EDWARDS et al., Appellees;  Permanent General Insurance Company, Appellant.

[Cite as *Progressive Specialty Ins. Co. v. Edwards* (1998), 126 Ohio App.3d 171.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

Nos. CA97–04–033 and CA97–04–037.

Decided Feb. 9, 1998.

*Smith, Rolfes & Skavdahl* and *Thomas F. Glassman,* for appellant Progressive Specialty Insurance Co.

*Mark D. Eckerson,* for appellee Dan J. Edwards.

*Brown & Warnock* and *Frank E. Warnock,* for appellee Elbert D. Dick.

*Freund, Freeze & Arnold* and *August T. Janszen,* for appellant Permanent General Insurance Co.

POWELL, Presiding Judge.

Plaintiff-appellant, Progressive Specialty Insurance Company ("Progressive"), and defendant-appellant, Permanent General Insurance Company ("Permanent General"), appeal a judgment of the Clermont County Court of Common Pleas finding that Progressive and Permanent General are obligated to provide a defense and/or indemnify their insureds, defendant-appellee Elbert Dick and

defendant-appellee Dannis Edwards, for injuries arising out of an accident that occurred on November 4, 1995.

On November 4, 1995, Dick was operating a van owned by his employer, Edwards, when Dick was involved in a collision in which he rear-ended a vehicle driven and owned by Lester Laws. As a result of the accident, Laws and his passengers asserted a claim against Dick and Edwards for bodily injuries allegedly caused by the accident.

As Edwards's employee, Dick performed a wide variety of duties, including working for Edwards's fiberglass repair business and other "odd jobs." Dick's compensation varied depending on the particular assignment. If Dick was working for Edwards's fiberglass business, he was paid an hourly fee while working and $5 per hour for driving time from his home to the job site and back. If Dick was doing an odd job outside the fiberglass business, he was paid by the job as negotiated with Edwards. Regardless of whether Dick was on an assignment for the fiberglass business or performing an odd job, Dick primarily drove vehicles owned by Edwards.

On the day before the accident, Dick was in Louisville, Kentucky on an assignment for the fiberglass business. Edwards contacted Dick in Kentucky and asked him to pick up a bathtub in Kentucky and bring it to rental property owned by Edwards in Ohio. At the evidentiary hearing, Edwards testified that he told Dick he would pay him to pick up the tub. Dick testified that he could not recall the agreement specifically, but did not dispute that there was an agreement. However, there is no evidence in the record specifically setting forth the terms of the agreement. It is not clear whether Dick was to be compensated at an hourly rate or was to be given a specific dollar amount on this particular occasion.

At the time of the accident, Dick maintained a personal automobile insurance policy with Permanent General. Pursuant to the terms and conditions of the insurance contract, Permanent General insured Dick and his wife. However, the policy excluded coverage "[f]or that person's liability arising out of the ownership or operation of a vehicle while it is rented to others or used to carry persons or property for a fee[;]

"While employed or otherwise engaged in the 'business' of * * * delivery of goods and/or services.

"[While] [m]aintaining or using any vehicle while that person is employed or otherwise engaged in any 'business' (other than farming or ranching)."

At the time of the accident, Edwards maintained a personal automobile insurance policy with Progressive that insured only Edwards and his wife and did not provide insurance for any employees of Edwards. The Progressive policy

excluded coverage for "[b]odily injury or property damage arising out of the ownership, maintenance or use of a vehicle when * * * used to carry a person or property for a fee."

Pursuant to the claims brought against Edwards and Dick, Progressive filed an action for a declaratory judgment to determine whether it had a duty to defend and/or indemnify Dick and Edwards. Although Permanent General was a defendant in the declaratory judgment action, Progressive and Permanent General both contended that the "for fee" exclusions in their respective insurance contracts applied and that they therefore had no duty to defend and/or indemnify.

On November 5, 1996, the trial court held an evidentiary hearing on the declaratory judgment action. The trial court held that Progressive and Permanent General owed Edwards and Dick a duty to defend and/or indemnify. The trial court found that ownership of rental property is not a "business" and that the policy language regarding "for fee" was ambiguous as applied to the specific facts of this case. The trial court held that the exclusions were unenforceable and that both insurance companies must provide coverage. Progressive and Permanent General filed separate appeals, which were consolidated into the instant appeal.

In a single assignment of error, Progressive argues that the trial court erred in ruling that it owed a duty to defend and indemnify pursuant to the "for fee" exclusion in its insurance contract. Permanent General sets forth a similar assignment of error and further argues that its insurance policy also excludes coverage when the insured is engaged in the business of delivering property for an employer.

Progressive and Permanent General both contend that the decision of the trial court is against the manifest weight of the evidence. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276–1277. A reviewing court may reverse a judgment on the ground that the judgment is against the manifest weight of the evidence only if the judgment is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice. *C.B. Transp. Serv., Inc. v. Newman* (1993), 87 Ohio App.3d 436, 438, 622 N.E.2d 431, 432–433.

The general rule in Ohio with regard to construction of insurance policies is to liberally construe against the insurer and in favor of the insured. *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St.3d 34, 31 OBR 83, 508 N.E.2d 949.

In *United States Fid. & Guar. Co. v. Lightning Rod Mut. Ins. Co.* (1997), 80 Ohio St.3d 584, 687 N.E.2d 717, the Ohio Supreme Court addressed a similar "for fee" provision in an insurance policy. In that case, Ina Spurlock, an employee of Domino's Pizza, was involved in an accident while using her car to make a pizza delivery. The other driver filed a lawsuit against Domino's and Spurlock. Spurlock was paid an hourly rate and was additionally paid mileage when delivering pizza. Spurlock's personal automobile insurance carrier, Lightning Rod Mutual Insurance Company, declined coverage based on the following exclusion to its policy:

"We do not provide liability coverage for any person * * * [f]or that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee." *Id.* at 584, 687 N.E.2d at 718.

The Supreme Court found that the exclusion could be read two ways: "first, as excluding from coverage use of a vehicle to transport property when there is *any* kind of payment to the insured, and second, as excluding coverage only when a fee is paid *specifically for* the particular act of transporting property." (Emphasis *sic.*) *Id.* at 585, 687 N.E.2d at 719.

Under the first reading, Spurlock's use of her car to deliver pizza would be excluded from coverage because Domino's paid her an hourly wage. However, under the second reading, this use would not be excluded since Domino's did not pay Spurlock a specific fee for delivering the pizzas. Therefore, the Supreme Court held that because "the for fee exclusion is susceptible of more than one interpretation, the trial court's construction of it against Lightning Rod was correct." *Id.* at 586, 687 N.E.2d at 719.

■ In the instant case, Dick's insurance policy with Permanent General contains a "for fee" exclusion similar to the one at issue in *United States Fid.* However, given the vague agreement between Dick and Edwards, it is not clear whether Dick was to be paid an hourly wage or a specific dollar amount on this particular occasion. Pursuant to the Supreme Court's analysis in *United States Fid.*, we agree with the trial court and find that this "for fee" provision is ambiguous as applied to the facts of this case.

■ The Permanent General policy also includes two other provisions that exclude liability coverage when the insured is employed or otherwise engaged in the "business" of delivery of goods and/or services, or maintaining or using any vehicle while that person is employed or otherwise engaged in any "business" other than farming or ranching. The Permanent General policy defines "business" as a trade, profession, or occupation.

According to the record, Dick had no source of employment other than Edwards. Therefore, whether Dick was performing an odd job for Edwards or

was working for the fiberglass business, working for Edwards was Dick's "occupation." Therefore, the delivery of the bathtub falls within the definition of "business" under the Permanent General policy and the exclusion applies. Accordingly, Permanent General's assignment of error is well taken. We reverse the trial court's decision with respect to Permanent General.

■ We find that the Progressive "for fee" exclusion is also ambiguous based on the Supreme Court's decision in *United States Fid.* However, we find that Progressive is not obligated to provide a defense and/or indemnify to Edwards for another reason. Edwards knowingly insured a vehicle used primarily for a commercial purpose under a personal use policy. Although Edwards's policy provided coverage for the van, the policy defines a covered auto as a vehicle "*not used in any business or occupation,* except farming, with a rated load capacity of 1,500 pounds or less of the pickup or van type." (Emphasis added.) This definition specifically excludes coverage for business use of the van. "An insurance policy is a contract and, as such, the plain and ordinary meaning of the language of the provision controls and cannot be construed in a different manner by the court." *Mauler v. Westfield Ins. Co.* (Sept. 28, 1989), Franklin App. Nos. 88AP–914 and 88AP915, unreported, at 5, 1989 WL 112342, following *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 10 OBR 497, 462 N.E.2d 403.

We find that Edwards's commercial use of the van significantly increased the risk above that contemplated by the personal insurance policy issued by Progressive. Accordingly, the trial court's finding as to Progressive is against the manifest weight of the evidence because the natural and reasonable inferences to be drawn from the evidence show that under the language of the policy coverage is excluded. Progressive's assignment of error is well taken and the trial court's decision is reversed as to Progressive's duty to defend and/or indemnify.

*Judgment reversed.*

KOEHLER and WALSH, JJ., concur.