OPINION
Appellant, Marilyn K. Janas, challenges the determination by Judge Eileen Gallagher affirming the decision of the Ohio Unemployment Compensation Review Commission ("OBES") disallowing Janas' application to institute a further appeal from denial of benefits. OBES had argued that the appeal in question was not timely filed. We agree and affirm.
Janas filed for unemployment benefits on April 9, 1997. On May 2, 1997, the Administrator, OBES, determined that she was unemployed due to a discharge for just cause based on her acts, omissions, or course of conduct, and denied her claim. On May 6, 1997, Janas filed a request for reconsideration with OBES, and on July 16, 1997, the Administrator mailed the notice affirming the earlier decision of the OBES. Janas' attorney claimed that on August 1, 1997, by regular mail and facsimile, a request for reconsideration was filed with the review commission (board of review). On August 9, 1997, Janas received notice from OBES that her application for benefits had reached inactive status and that if she wished to have her application reactivated she should contact the nearest Ohio Job Service Office.
On September 22, 1997, the review commission of OBES received, by way of facsimile, a copy of appeal of the Administrator's determination on a document dated to August 1, 1997, which Janas claimed was her second submission, the original having been filed on August 1, 1997.
On October 30, 1997, the review commission conducted a telephone hearing to determine whether the appeal was timely filed and took evidence, including the affidavit of Janas' lawyer. The review commission affirmed the determination that Janas had not timely filed her appeal of the reconsideration opinion. On November 6, 1997, Janas filed an application to institute a further appeal with the review commission which was subsequently denied. An appeal was then filed with the Cuyahoga County Court of Common Pleas pursuant to R.C. 4141.28(O)(1). That court affirmed the decision and this appeal followed.
Janas assigns one error for our review.
 I. THE TRIAL COURT'S DECISION WAS AGAINST THE PREPONDERANCE OF THE EVIDENCE.
An appeals court must be mindful that proceedings in the court of common pleas in unemployment compensation appeals are error proceedings and are not to be considered de novo. Hall v. AmericanBrake Shoe Co. (1968), 13 Ohio St.2d 11, 233 N.E.2d 582. In reviewing an appeal on the timeliness of filing to the Administrator at the OBES, the applicable standard to be utilized by an appeals court is found in R.C. 4141.28(O)(1) which states in pertinent part:
 * * * If a court finds that the decision was unlawful, unreasonable or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter a final judgment in accordance with such modification; otherwise, such court shall affirm such decision. * * *
See, also, Tzangas, Plakos Nannos v. Ohio Bureau of EmploymentServices (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207.
A review commission's decision is against the manifest weight of the evidence if it is "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice." Sambunjakv. Board of Review (1984), 14 Ohio App.3d 432, 433, 471 N.E.2d 835. As the review commission is in the best position to weigh evidence and assess the credibility of the witnesses, a reviewing court may not infringe on that primary jurisdiction and replace its judgment with that of the review commission. Simon v. Lake Geauga PrintingCo. (1982), 69 Ohio St.2d 41, 430 N.E.2d 468. In fact, appellate courts are not permitted to make factual findings, and are limited to determining whether the commission's decision is supported by credible evidence in the record. Tzangas, supra.
In affirming the mandates of R.C. 4141.28(G), this court held in Zaccaria v. Ohio Bureau of Employment Services (April 23, 1998), Cuyahoga App. No. 72935, unreported, that "a party may request a reconsideration of the Board's determination, if a written request is submitted `within twenty-one [21] calendar days after the notice was mailed to [the party's last known address.]'" Id.
After careful review of the record, it is clear that the weight of the evidence shows that Janas' appeal was not timely filed. The Board of Review concluded that the Administrator's notice was mailed on July 16, 1997, which would make August 6, 1997, twenty-one calendar days later, the applicable date upon which Janas' appeal should have been filed. The only credible evidence concerning the filing date that is in the record, outside the affidavit of Janas' attorney, is the facsimile which shows it was sent to OBES on September 22, 1997. Since the review commission was in a better position to assess the credibility of the assertions of Janas' attorney, the decision that the filing of Janas' appeal was not timely made is not against the manifest weight of the evidence.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J.,
ANNE L. KILBANE, J.,
MICHAEL J. CORRIGAN, J.