OPINION.
Crystal Kallmeyer was injured in an automobile accident caused by Kimberly Davis, an uninsured motorist. Kallmeyer had uninsured-motorist coverage with Allstate Insurance Company, and a jury trial was held to determine the amount of coverage that Allstate owed to Kallmeyer. (Allstate stipulated that Davis had been negligent and had caused some injury to Kallmeyer.) The jury returned a general verdict for $6,865.22 in favor of Kallmeyer. $6,865.22 was the exact amount of Kallmeyer's medical bills.
Kallmeyer moved for a new trial. She argued that the verdict was against the manifest weight of the evidence, as it failed to compensate her for pain and suffering. The trial court granted the motion and ordered a new trial to determine "the amount for the loss or damages proximately sustained by [Kallmeyer]."
Allstate now appeals, and Kallmeyer has cross-appealed. In Allstate's sole assignment of error, Allstate asserts that the court erred by granting a new trial. Because Kallmeyer's injuries were disputed at trial, and because the jury returned a general verdict, without any special interrogatories, Allstate argues that the trial court improperly invaded the province of the jury when it accepted Kallmeyer's argument that the jury had failed to compensate her for pain and suffering.
A motion for a new trial "is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion."[1] Here, based on our review of the record, we conclude that the evidence was clear that Kallmeyer had experienced at least some pain and suffering. Considering that the jury's verdict was for the exact amount of Kallmeyer's medical bills, we conclude that the court did not abuse its discretion in deciding that the jury had failed to include in the award an amount for pain and suffering. We follow cases that have concluded that a verdict is against the weight of the evidence when it does not properly include an award for pain and suffering.[2] We hold that the court did not err in granting a new trial.
Further, the court did not err in granting a new trial on the issue of Kallmeyer's damages in general. Allstate argues that the new trial should be limited to the issue of the pain and suffering associated with the medical treatment covered by the original damage award, without any consideration of other damages such as future pain and suffering. But we can find no rule that would have required the trial court to have limited the new trial in the way that Allstate desires. We overrule Allstate's assignment.
Finally, we turn to the cross-appeal filed by Kallmeyer. In her sole assignment, Kallmeyer asserts that the trial court erred in preventing her from introducing evidence that Allstate had paid all of the medical costs that she had incurred within one year of the car accident. These costs were paid under the medical-payments portion of Kallmeyer's insurance policy, which stated that Allstate would pay for "reasonable expenses * * * for necessary medical treatment" caused by automobile accidents. At trial, Allstate argued that Kallmeyer's medical bills were only reasonable and medically necessary for three months after her accident. Kallmeyer claims that Allstate's argument could have been rebutted by the evidence that Allstate had actually paid her medical bills for a longer period. Also, Kallmeyer contends that Allstate's payment of the bills was an admission of a party opponent that her bills were reasonable and medically necessary.
We conclude that the court did not err in excluding the evidence. The court explained that, if the evidence were admissible, then insurance companies would be hesitant to provide medical payments out of fear that their payments could later be used against them. As the court stated, this could create "chaos." We agree that the admission of the evidence could have been substantially prejudicial, with a potential chilling effect on insurance companies' willingness to pay medical expenses.[3] We overrule the assignment raised in Kallmeyer's cross-appeal.
Therefore, the judgment of the trial court is affirmed.
Doan, P.J., and Winkler, J., concur.
Please Note:
The court has recorded its own entry on the date of the release of this Opinion.
[1] State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus.
[2] See, e.g., Iames v. Murphy (1995), 106 Ohio App.3d 627,631-632, 666 N.E.2d 1147, 1149, 1150; Vieira v. Addison (Aug. 27, 1999), Lake App. No. 98-L-054, unreported; Boldt v. Kramer (May 14, 1999), Hamilton App. No. C-980235, unreported; Hughes v. Koop
(Feb. 18, 1997), Clermont App. No. CA96-10-081, unreported; Guckesv. Feusner (Mar. 22, 1996), Hancock App. No. 5-95-39, unreported;Hendrickson v. Maenle (Dec. 20, 1991), Lucas App. No. L-90-366, unreported; but, see, Werner v. McAbier (Jan. 13, 2000), Cuyahoga App. Nos. 75197 and 75233, unreported; Neal v. Blair (June 10, 1999), Lawrence App. No. 98CA37, unreported; Goodson v. Reese
(June 14, 1996), Allen App. No. 1-95-82, unreported.
[3] See Evid.R. 409; Gaul v. Westfield Natl. Ins. Co. (Aug. 20, 1999), Lake App. No. 97-L-278, unreported.