OPINION
Appellants/Cross-Appellees Dr. Arnold Rosenblatt ("Rosenblatt") and Mansard Medical Associates, Inc. ("Mansard") appeal the decision of the Stark County Court of Common Pleas that granted Appellee/Cross-Appellant Delores Sims' motion for new trial. Appellee/Cross-Appellant filed a cross-appeal in which she argues the trial court erred in granting a new trial on all issues. The following facts give rise to this appeal. The decedent in this case, William E. Sims, was a patient of Appellant Rosenblatt. Mr. Sims had a long history of chronic obstructive pulmonary disease ("COPD"). In 1992, while treating Mr. Sims for COPD, Appellant Rosenblatt discovered, following a CT scan at Aultman Hospital, that Mr. Sims had a three centimeter abdominal aortic aneurysm. Appellant Rosenblatt monitored the aneurysm from 1992 forward using a technique known as palpation. On October 13, 1997, more than five years after the aneurysm was first diagnosed, Mr. Sims died when the aneurysm ruptured. On June 9, 1998, Appellee Delores Sims, as executrix of the estate of William Sims, filed a complaint for medical malpractice against Appellees Rosenblatt and Mansard. The complaint alleged that as a direct and proximate result of appellants' negligence, Mr. Sims experienced a ruptured aortic aneurysm that resulted in his death. This matter proceeded to trial on July 26, 1999. Following deliberations, the jury returned a verdict in favor of appellants. In their answers to special interrogatories, the jury found Appellant Rosenblatt negligent. However, the jury did not determine that any act or omission of Appellant Rosenblatt caused the aneurysm to come into being, increase in size, or eventually rupture. The only negligence the jury found was that: (1) Appellant Rosenblatt should have used imaging techniques instead of palpation to follow the progress of the aneurysm after it was discovered; (2) Appellant Rosenblatt should have re-discussed the existence of the aneurysm with Appellee Sims and Mr. Sims after he first brought it to their attention in 1992; and (3) Appellant Rosenblatt should have emphasized the importance of monitoring the aneurysm's progress. Despite their answers to the interrogatories, the jury concluded that Appellant Rosenblatt's negligence was not a direct and proximate result of Mr. Sims' death. Appellee Sims filed a motion for judgment notwithstanding the verdict and motion for new trial on August 2, 1999. On September 24, 1999, the trial court denied appellee's motion for judgment notwithstanding the verdict, but granted the motion for new trial on the basis that the jury's finding of no proximate cause was not supported by the evidence and was not argued by counsel. Appellants Rosenblatt and Mansard timely filed a notice of appeal. Appellee Sims filed a notice of cross-appeal. The parties set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR NEW TRIAL AFTER THE JURY RETURNED A VERDICT FOR THE DEFENDANTS.
Cross-Appeal
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING A NEW TRIAL AS TO ALL ISSUES IN THE CASE, INCLUDING THE ISSUE OF NEGLIGENCE, WHERE THE JURY'S DECISION ON NEGLIGENCE WAS SUPPORTED BY SUBSTANTIAL EVIDENCE ON THE RECORD.
 I
Appellants contend, in their sole assignment of error, that the trial court erred when it granted Appellee Sims' motion for new trial. We disagree. The trial court granted appellee's motion for new trial pursuant to Civ.R. 59(A)(6) which provides as follows: (A) Grounds A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
In its judgment entry granting appellee's motion for new trial, the trial court found that: The jury, however, found that negligence did, in fact, exist. The jury, however, found by way of a special interrogatory that the negligence of the defendant was not, in fact, a proximate cause of the death of Mr. Sims. This lack of probable cause was not supported by the evidence presented in the case. * * * For the Court to permit the verdict to stand in this matter, the evidence must be sufficient to permit an inference that Mr. Sims was doomed to die at a point in time earlier should he have had the elective surgery. There is simply no sufficient testimony to support such a finding. Judgment Entry, Sept. 24, 1999, at 1-2.
The standard of appellate review on a motion for new trial is abuse of discretion. Anthony v. Hunt (Feb. 9, 1998), Stark App. No. 1997CA00170, unreported, at 1. In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Therefore, we must look to the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. For the reasons that follow, we find the trial court did not abuse its discretion. A trial court is not permitted to grant a new trial merely because it would have decided the case differently. Rather, a trial court may grant a new trial only if there is no substantial, credible evidence upon which the jury could have arrived at its verdict. See Gedetsis v. Anthony Allega Cement Contractors, Inc. (Sept. 23, 1993), Cuyahoga App. No. 64954, unreported. In granting the motion for new trial, the trial court concluded that the jury's determination of no proximate cause was against the manifest weight of the evidence. The record supports the trial court's conclusion. The jury, by way of interrogatories, found Appellant Rosenblatt negligent for failing to properly advise Mr. Sims of appropriate medical treatment for an aortic aneurysm, failing to properly monitor the aneurysm and failing to recommend surgical intervention. However, the jury further determined that Appellant Rosenblatt's negligence was not the proximate cause of Mr. Sims' death. "A proximate cause of any given result is that cause which in the natural and continued sequence of events contributes to produce the result, and without which it would not have happened." Monnin v. Fifth Third Bank of Miami Valley, N.A. (1995),103 Ohio App.3d 213, 224, citing 70 Ohio Jurisprudence 3d (1986), 97, Negligence, Section 37. In the case sub judice, the experts, for both appellants and appellee, agreed that the proximate cause of Mr. Sims' death was an aortic aneurysm. Appellants attempt to demonstrate that the trial court abused its discretion when it found that the jury's determination of no proximate cause was against the manifest weight of the evidence by citing to evidence, in the record, that Mr. Sims may have died, at an earlier date, had he undergone surgery to repair the aortic aneurysm. However, [i]n order to relieve a party of liability a break in the chain of causation must take place. A break will occur when there intervenes between an agency creating a hazard and an injury resulting therefrom another conscious and responsible agency which could or should have eliminated the hazard. Hurt v. Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 323, 58 O.O. 119,130 N.E.2d 824, paragraph one of the syllabus; Thrash v. U-Drive-It Co. (1953), 158 Ohio St. 465, 49 O.O. 402, 110 N.E.2d 419, paragraph two of the syllabus. However, the intervening cause must be disconnected from the negligence of the first person and must be of itself an efficient, independent, and self-producing cause of the injury. Berdyck v. Shinde (1993), 66 Ohio St.3d 573,584-585.
Clearly, the intervening event must occur to break the chain of causation. Appellants cannot rely on the surgery, as an intervening event that never occurred, to break the chain of causation. Thus, the jury's answers to interrogatories established the negligence of Appellant Rosenblatt in his care and treatment of Mr. Sims' aortic aneurysm. However, the jury did not find that Appellant Rosenblatt's negligence was the proximate cause of Mr. Sims' death even though all of the experts agreed, at trial, that the failure to treat the aortic aneurysm was the proximate cause of Mr. Sims' death. We conclude the issue of whether Mr. Sims would have lived longer had he undergone surgery concerns the issue of damages and not proximate cause. If Mr. Sims would have lived three years from the date of the surgery and the surgery should have been performed in October 1995, the jury would have to conclude that Mr. Sims lost one year of life and suffered compensable damages. In the alternative, if Mr. Sims would have lived less than two years following surgery, the jury would have to conclude Mr. Sims suffered no damages because the surgery would have caused his death prior to the actual date of death. Accordingly, due to this inconsistency, the trial court did not abuse its discretion when it granted appellee's motion for new trial. Appellants' sole assignment of error is overruled.
Cross-Appeal
In her sole assignment of error on cross-appeal, appellee contends the trial court abused its discretion when it granted a new trial as to all issues in this case, including the issue of negligence, because the jury's decision on negligence was supported by substantial evidence on the record. Appellant contends the trial court should have only granted a new trial as to the issue of damages. We disagree. As with the above assignment of error, we apply an abuse of discretion standard to appellee's assignment of error on cross-appeal. We agree with the authority cited by appellee that a trial court may grant a partial new trial as to damages only. In fact, Civ.R. 59 specifically permits a trial court to do so as it states that "[a] new trial may be granted to all or any of the parties and on all or part of the issues * * *." (Emphasis added.) In the case sub judice, we do not find the trial court abused its discretion when it ordered a new trial as to all the issues and not only damages. We base our conclusion on the reasons cited by the trial court for granting appellee's motion for new trial. The trial court concluded that the interrogatory verdict of the jury, which found Appellant Rosenblatt negligent, conflicted with the jury's general verdict that Appellant Rosenblatt's negligence was not the proximate cause of Mr. Sims' death. The trial court granted appellee's motion for new trial due to this inconsistency. Clearly, this inconsistency goes to the issue of proximate cause and not only damages as argued by appellees. Generally, "[a] new trial on damages alone is usually granted only when liability is not contested." Iames v. Murphy (1995), 106 Ohio App.3d 627, 632-633. Because the parties contested liability in this matter, we find the trial court did not abuse its discretion when it ordered a new trial and did not limit re-trial to the issue of damages. Appellee's sole assignment of error on cross-appeal is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 _________________________ Wise, J.
By: Gwin, P.J., and Farmer, J., concur.