JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiff-appellant, Linda Weisblat("appellant"), appeals from the Unemployment Compensation Review Commission's ("Unemployment Commission") ruling. The Unemployment Commission found that appellant's unemployment appeal was not timely filed and therefore dismissed her appeal of the director's redetermination denying her benefits. Having reviewed the arguments of the parties and the pertinent law, for the reasons that follow, we uphold the trial court and deny the appeal.
 I. {¶ 2} This case involved a R.C. 4141.281 administrative appeal from the Unemployment Commission. Appellant quit her job at Willow Hill because of a situation with another co-worker. Initially, on February 6, 2001, appellant filed an application for determination of benefit rights. The application was allowed and appellant was initially granted unemployment benefits. However, on December 27, 2001, Willow Hill Acquisition filed an appeal from the determination of benefits. On January 29, 2002, a director's redetermination was issued and appellant's benefits were withdrawn regarding her separation from Willow Hill. Appellant was required to repay the department benefits in the total amount of $1,925 for the weeks ending October 27, 2001 through January 12, 2002.
 {¶ 3} There is some dispute as to the exact date, but approximately one month later appellant filed an appeal from the director's redetermination. On May 3, 2002, a telephone hearing was held. After the telephone hearing, the hearing officer found that the appellant's appeal of the director's redetermination was not timely filed. Appellant then appealed this decision to the court of common pleas and eventually to this court.
 II. {¶ 4} Appellant's sole assignment of error states that, "[i]t is error to rule, where it was found that an unemployment benefit claimant's notice of appeal was timely mailed to the Unemployment Compensation Review Commission of Ohio but was never received, that the notice was not timely filed under R.C. § 4141.28(H)."
 {¶ 5} R.C. 4141.28 states the following:
"Determination of benefit rights; notice of mass layoff; claim forbenefits; eligibility notice.
 "(H) EFFECT OF COMMISSION DECISIONS
 In making determinations, the director shall follow decisions of theunemployment compensation review commission which have become final withrespect to claimants similarly situated."
 {¶ 6} Furthermore, Ohio Adm. Code 4146-13-01 states the following:
"Appeals, applications for appeal and requests for review; beginningof appeal.
 "An application for appeal to an administrator's decision under RCsection 4141.28(D)(1)(C) or a request for review from a hearing officer'sdecision, must be filed not later than twenty-one calendar days after acopy of the decision appealed from is mailed to the party's last knownpost office address. Appeals in cases under Chapter 4146-23 of theAdministrative Code must be filed not later than thirty calendar daysafter a copy of the decision appealed from is mailed to the last knownpost office address of the party. Notice of appeal, an application forappeal or a request for review to the review commission may be eithermailed, delivered, or filed through the use of a facsimile device. Iffiled by facsimile device it must be received before midnight of the lastday of the appeal period. If notice of appeal, an application for appealor a request for review is mailed, it must be postmarked before midnightof the last day of the appeal period; if delivered, it must be receivedbefore the closing time of the office on the last day of the appealperiod. The appeal, application for appeal, or request for review, may befiled with the review commission, administrator, one of theadministrator's deputies, with an employee of another state or federalagency or with an employee of the unemployment commission of Canada,charged with the duty of accepting claims. In computing the period oftime within which an interested party may file an appeal, an applicationfor appeal or a request for review, within a limited number of daysspecified in agency-level 4146 of the Administrative Code, such periodshall begin at 12:01 A.M. on the day next following the date on which thedecision is mailed to the party's last known post office address andshall extend for the number of days specified above. The time for filingan appeal, a request for review or an application for appeal under thisrule shall be extended as follows:
 "(1) When the last day of the period of appeal referred to above fallson a Saturday, Sunday, or on a legal holiday, the period shall extend toand include the next day which is not a Saturday, Sunday or a legalholiday." Emphasis added.
 {¶ 7} An appellate court may reverse the unemployment compensation board of review's "just cause" determination only if it is unlawful, unreasonable or against the manifest weight of the evidence. Tzangas,Plakas Mannos v. Ohio Bureau of Employment Services (1995),73 Ohio St.3d 694.
 {¶ 8} Furthermore, a review commission's decision is against the manifest weight of the evidence if it is "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice." Sambunjakv. Board of Review (1984), 14 Ohio App.3d 432, 433. As the review commission is in the best position to weigh evidence and assess the credibility of the witnesses, a reviewing court may not infringe on that primary jurisdiction and replace its judgment with that of the review commission. Simon v. Lake Geauga Printing Co. (1982), 69 Ohio St.2d 41. In fact, appellate courts are not permitted to make factual findings, and are limited to determining whether the commission's decision is supported by credible evidence in the record. Tzangas, Plakas Mannos v. OhioBureau of Employment Services (1995), 73 Ohio St.3d 694.
 {¶ 9} In affirming the mandates of R.C. 4141.28(G), this court held in Zaccaria v. Ohio Bureau of Employment Services, Cuyahoga App. No. 72935, 1998-Ohio-1721, that "[a] party may request a reconsideration of the Board's determination, if a written request is submitted `within twenty-one calendar days after the notice was mailed to [the party's last known address].'" Id.
 {¶ 10} After a thorough review of the record and with the above standards in mind, it is clear that the weight of the evidence shows that appellant's appeal was not timely filed. On January 29, 2002, the director mailed a copy of the redetermination to the appellant. The appellant stated that the redetermination was received prior to February 1, 2002.
 {¶ 11} Appellant claims that, on February 5, 2002, she then mailed a letter of appeal regarding the redetermination; however, the Unemployment Commission stated that they never received such a letter. Furthermore, appellant was unable to provide a certificated receipt and stated that she did not send the letter via certified mail. In addition, the Unemployment Commission conducted a thorough search and was unable to come up with the letter.
 {¶ 12} The only evidence concerning a filing date in the record, outside the claims of the appellant, is the appeal that appellant filed with the Unemployment Commission on March 18, 2002. The Unemployment Commission's redetermination letter was mailed on January 29, 2002 and the letter was received by the appellant, thereby making the deadline for appellant to respond February 19, 2002.
 {¶ 13} However, the only evidence on record of appellant's filing doesn't take place until March 18, 2002, a full 27 days past the deadline. The Unemployment Commission and the trial court were in a better position to assess the credibility of the appellant and the appellee. Therefore, the decision that the filing of appellant's appeal was not timely made was proper and not against the manifest weight of the evidence.
 {¶ 14} Appellant's sole assignment of error is not well taken and, therefore, denied.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN,. P.J. and ANNE L. KILBANE, J. concur.