RUSE, APPELLEE, *v.* RUDDY, APPELLANT.

(No. 31327—Decided June 8, 1972.)

*Metzenbaum, Gaines, Finley & Stern Co., L. P. A., Mr. Byron S. Krantz,* and *Mr. Roger W. Van Deusen,* for appellee.
*Mr. Mark R. Magnotto,* for appellant.

KRENZLER, J. Plaintiff filed an action for money only, for alienation of affections, in the Common Pleas Court of Cuyahoga County. Defendant filed an answer which contained a general denial. The case was tried to a jury which returned a verdict for the defendant and judgment was entered on June 1, 1971.

Plaintiff filed a motion for judgment notwithstanding the verdict on June 10, 1971. Plaintiff did not file a motion for a new trial under Ohio Rules of Civil Procedure, Rules 50(B) or 59(A).

Plaintiff moved the court to set aside the verdict of the jury and the judgment and to enter judgment for the plaintiff notwithstanding the verdict and assess damages against the defendant for the following reasons: The verdict is (a) against the preponderance of the evidence; or (b) against the manifest weight of the evidence; or (c) contrary to the evidence; or (d) contrary to the law and the evidence.

On July 9, 1971, the trial court overruled the plaintiff's motion for judgment notwithstanding the verdict, reopened the judgment and granted a motion for new trial for the reason that the verdict was contrary to law.

The defendant appealed the foregoing judgment granting a motion for new trial and assigns as error:

1. Trial courts may not grant motions for new trials unless said motions are served within fourteen (14) days of entry of judgment.

2. Trial courts may not grant motions for new trials on their own initiative unless granted not later than fourteen (14) days after entry of judgment.

The principal issue in this case is whether a trial court has authority to grant a motion for a new trial when a party files a motion for judgment notwithstanding the verdict under Civ. R. 50(B), and does not join with it, or file in the alternative, a motion for a new trial.

In order to decide the issues raised herein we must consider Civil Rules 50 and 59.

Civ. R. 59 provides that a motion for a new trial shall be served not later than fourteen days after the entry of judgment. Further, a motion for a new trial may be granted on the initiative of the trial court but it must be granted not later than fourteen days after the entry of judgment. Civ. R. 59(B), (D).

The grounds for a new trial are any of the following (Civ. R. 59(A)):

(1) Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee or abuse of discretion by which an aggrieved party was prevented from having a fair trial;

(2) Misconduct of the jury or prevailing party;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

174

(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

(7) The judgment is contrary to law;

(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;

(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

In addition to the above grounds a new trial may also be granted in the sound discretion of the court for good cause shown.

When a new trial is granted the court shall specify in writing the grounds upon which such new trial is granted.

Civ. R. 50 concerns itself with motions for a directed verdict and judgment notwithstanding the verdict.

Civ. R. 50(B) provides that whether or not a motion to direct a verdict has been made or overruled, and not later than fourteen days after entry of judgment, a party may move to have the verdict and any judgment thereon set aside and have judgment entered in accordance with his motion. A motion for a new trial may be joined with the motion for judgment notwithstanding the verdict or a motion for a new trial may be prayed for in the alternative.

Civ. R. 50(B) further provides that if the trial court reopens the judgment it shall either order a new trial or direct the entry of judgment but no judgment can be rendered by the court on the ground that the verdict is against the weight of the evidence.

Further, when there was a jury trial and a court directs a verdict or grants a judgment contrary to the verdict of the jury the court must state the reason for its decision in writing and such statement may be dictated into the record or included in the entry of judgment. Civ. R. 50(E).

We recognize that it would not be necessary for this

court to decide the issues in this case if the plaintiff had filed a motion for new trial with her motion for judgment *n. o. v.,* or if Civ. R. 59 clearly stated that a trial judge may grant a new trial if one of the parties files a motion for judgment *n. o. v.* and on the state of the record, neither side is entitled to judgment.

In this case we are concerned with the question of whether Civil Rules 50 and 59 are to be considered independently or read *in pari materia,* and whether the language of these rules is to be applied literally or liberally.

It would be very easy to hold that since the plaintiff did not file a motion for a new trial under either Civil Rules 50 or 59 and the trial court did not sua sponte grant a new trial within fourteen days of judgment the court was powerless to grant a motion for a new trial. If such a harsh rule were adopted, would justice be done in every case?

We will now consider the respective arguments of the parties.

The defendant contends that under Rule 59 a party must file a motion for a new trial and serve a copy on the opposing party in writing within fourteen days after the entry of judgment. This was not done. Further, a trial court may grant a motion for a new trial on its own initiative but this must be done within fourteen days after the entry of judgment. Inasmuch as the defendant did not file a motion for a new trial and the trial court did not, on its own initiative, grant a motion for a new trial within fourteen days after judgment, the court's order and judgment granting a new trial is contrary to law.

In addition, defendant states that if the trial court was going to consider the plaintiff's motion for judgment notwithstanding the verdict as a motion for a new trial, it should have given the parties notice and an opportunity to be heard before overturning the jury verdict and granting a new trial. Civ. R. 59(D).

The plaintiff bases her argument on Civ. R. 50, and contends that it is not necessary to file a motion for a new trial because the authority to grant a motion for a new

trial is inherent in a motion for judgment *n. o. v.* While Civ. R. 50(B) provides that a motion for a new trial may be joined with the motion for judgment notwithstanding the verdict, it is not required to be filed. If a motion for judgment notwithstanding the verdict is filed by a party not later than fourteen days after judgment, the trial court may reopen the judgment and either order a new trial or direct the entry of judgment. Civ. R. 50(B).

Plaintiff argues that she filed her motion for judgment notwithstanding the verdict within fourteen days after the entry of judgment and therefore the finality of the judgment was interrupted and tolled on June 10, 1971, when the motion was filed. The court did not order a new trial on its own initiative and Civ. R. 59(D) is not applicable. The court had available to it plaintiff's motion for judgment *n. o. v.* and under Civ. R. 50(B) granted a motion for a new trial, and this was an alternative to Civ. R. 59(D).

In effect, the plaintiff is arguing that Civ. R. 50(B) gives the court the authority to order a new trial even though a motion for new trial was not filed and only a motion for judgment notwithstanding the verdict was filed. The language the plaintiff relies on is that if a verdict is returned the court may allow the judgment to stand or may reopen the judgment. If the judgment is reopened the court shall either order a new trial or direct the entry of judgment. Plaintiff contends that this is the power of the court which is created upon the filing of a motion for judgment notwithstanding the verdict.

A trial judge may be on the horns of a dilemma when only a motion for judgment *n. o. v.* is filed. When a judgment *n. o. v.* is not warranted, justice will not be done if the judge's only alternatives are either to grant the motion for judgment *n. o. v.*, or to let a verdict stand which is contrary to the greater weight of the evidence, thus denying justice to the losing party, because he did not make the additional motion for a new trial.

A careful examination and study of Civil Rules 50 and 59 clearly establishes that they are independent of

each other and that Civ. R. 59(D) is not applicable under the facts in the instant case.

It is only the sua sponte power of the court to grant a new trial under Civ. R. 59(D) that has a time limit. Civ. R. 59(D) was not intended to apply to a situation where the motion for judgment *n. o. v.* is timely made under Civ. R. 50(B) and wherein the trial court has authority to re-open the judgment and order a new trial or direct the entry of judgment *n. o. v.*

There are no reported cases dealing with this issue under the Ohio Civil Rules. However, *Jackson* v. *Wilson Trucking Corp.* (D. C. Cir. 1957), 243 F. 2d 212 was decided under Rules 50 and 59, Federal Rules of Civil Procedure, which are substantially similar to Ohio Rules 50 and 59.

In that case, a motion for judgment notwithstanding the verdict was filed but a motion for a new trial was not filed.

The trial court stated that the greater weight of the evidence was contrary to the verdict of the jury but on the state of the evidence it could not grant a motion for judgment notwithstanding the verdict, and that in all fairness and justice a new trial should be granted.

The trial court further stated that because a motion for judgment *n. o. v.* was timely filed it had the discretion to grant the lesser remedy instead of the greater one and thus granted a new trial.

However, on appeal, the Court of Appeals for the District of Columbia Circuit held that if a motion for new trial is not filed and only a motion for judgment *n. o. v.* is filed, the trial court does not have discretion to grant the lesser relief of a new trial unless the record is such that entry of judgment *n. o. v.* would be warranted. The court further held that the trial court does not have to grant the motion for judgment *n. o. v.* even if it thinks that an original motion for directed verdict should have been granted. The trial court under these circumstances has the discretion to grant a new trial where justice would be served.

The Court of Appeals considered Rules 50 and 59, Federal Rules of Civil Procedure, and held that when the trial judge found himself unable to grant the motion for judgment *n. o. v.*, with no motion for a new trial before him, and the time in which he could order a new trial on his own initiative having expired, he was without authority to order a new trial.

The Court of Appeals applied a literal interpretation to Rule 50(B), Federal Rules of Civil Procedure, and stated that it would not have been necessary for language to be placed in the rule that a motion for new trial may be joined with a motion for judgment *n. o. v.* if it were inherent in the motion for judgment *n. o. v.* that the court had authority for granting a motion for new trial.

Judge Burger (now Chief Justice, United States Supreme Court) strongly dissented and stated that a trial judge can grant a new trial in response to a timely motion for judgment *n. o. v.* and this authority is not limited only to cases where judgment *n. o. v.* could be granted.

Judge Burger stated at page 218:

"* * * I would hold that where there is a motion for judgment *n. o. v.* timely made in the proper form with or without a motion for new trial, the trial court has discretion to grant a new trial where the evidence is contrary to the verdict. * * *" *Jackson* v. *Wilson Trucking Corp., supra.*

Judge Burger stressed that the purpose of the Federal Rules of Civil Procedure is to have simplicity and flexibility and there should not be rigid formalism. We agree. The rule should not be rigidly or narrowly applied and the provision for alternative motions points the way like a highway marker in saying what may be done by the movant, but it does not preclude all other ways. It should be read as a direction to the parties and not a limitation on the court.

The spirit of the rules and their emphasis on circumstances rather than form would allow the trial court to have the discretion to grant a new trial when only a motion for judgment notwithstanding the verdict was filed.

The reasons for this broad interpretation can best be illustrated in a situation where after a jury returns a verdict a careful review of the record would support a finding that neither side is entitled to judgment and the interests of justice would best be served by the granting of a new trial because of either irregularity in the proceedings, misconduct of the jury or one of the parties, the judgment is contrary to law or there was some other error of law occurring at the trial.

It is recognized that a party may file a motion for judgment notwithstanding the verdict, or in the alternative, a motion for a new trial. However, the court's authority under Civ. R. 50(B) is not limited or controlled by the action taken by the parties. The court has authority to reopen the judgment and order a new trial or direct the entry of judgment *n. o. v.*

Lastly, Civ. R. 59(D) requires that if a new trial is to be granted for a reason not stated in a party's motion the court shall give the parties notice and an opportunity to be heard on the matter. Civ. R. 50 does not require that the trial court give the parties an opportunity to be heard before deciding a motion.

While Civil Rules 50 and 59 are independent of each other, justice should be uniformly applied, and the trial court should have given the defendant an opportunity to be heard before the motion for a new trial was granted. This is reversible error, therefore, this cause is reversed and remanded for further proceedings according to law.

*Judgment reversed.*

MANOS and DAY, JJ., concur.