Cucciolillo, Appellant, *v.* East Ohio Gas Company, Appellee.

(No. 79 C.A. 101—Decided August 18, 1980.)

*Mr. Henry A. DiBlasio* and *Mr. John A. McNally,* for appellant.
*Mr. Jack C. Harris,* for appellee.

LYNCH, J. Plaintiff-appellant, Michael Cucciolillo, is appealing the August 24, 1979 judgment of the court of common pleas which overruled his motion for judgment notwithstanding the verdict or in the alternative for a new trial.

Plaintiff filed a complaint against defendant-appellee, the East Ohio Gas Company, alleging that a gas explosion occurred at his residence on October 2, 1973 which completely destroyed his house and caused him to suffer severe bodily injuries and that such explosion was proximately caused by the negligence of defendant. The jury returned a verdict for defendant.

Plaintiff's assignment of error is that the trial court commits prejudicial error when it permits an expert witness to testify on the issues of liability and proximate cause when said expert witness has not been identified as a witness and as an expert witness in answers to the interrogatories filed in the case.

This assignment of error concerns the admission into evidence over plaintiff's objection of the testimony of Stratton Hammond, an expert witness for defendant.

Prior to trial plaintiff submitted interrogatories to defendant which requested the name and address of each expert witness that defendant expected to call as a witness together with the subject matter on which the expert witness was expected to testify. Defendant replied that no reports had been prepared or delivered to defendant by any expert witness and did not list Hammond as an expert witness.

During the trial at the close of the evidence on May 16, 1979, defendant's attorneys orally notified plaintiff's attorneys that they would probably call an expert witness but did not identify such witness.

At 9:00 a.m. on May 17, 1979, in the trial court's chambers, plaintiff's attorneys objected to Hammond being permitted to testify because of failure of defense counsel to comply with Civ. R. 26(E)(1)(b).

Defendant's attorneys stated that they were surprised by the testimony of a Mr. McElroy on May 10, 1979 at the second trial since McElroy had not testified at the first trial; that on May 11, 1979 they contacted Hammond in Louisville, Kentucky and sent him a transcript of the first trial; that they met Hammond for the first time on May 15, 1979; that Hammond prepared a report dated May 12, 13 and 14, 1979 which they had not read and that they did not make a decision to use Hammond as an expert witness until the evening of May 16, 1979.

At the request of the trial court, defendant's attorneys furnished plaintiff's attorneys with a copy of Hammond's May 12, 13 and 14, 1979 report and plaintiff's attorneys were given an opportunity to read such report before Hammond was permitted to testify at 9:35 a.m.

Civ. R. 26(E)(1)(b) requires a party to supplement his response with respect to any question directly addressed to the identity of each person expected to be called as an expert witness at trial and the

subject matter on which he is expected to testify.

Civ. R. 26(E)(3) provides, in pertinent part, as follows:

"A duty to supplement responses may be imposed by order of the court * * *."

We hold that Civ. R. 26(E) does not include an exclusionary provision for failure of a party to supplement his response with respect to a question addressed to the identity of each person expected to be called as an expert witness and that the trial court has discretion in selecting the sanction to be used because of such noncompliance with such rule. The burden of establishing the justification for such an exclusion of testimony rests on the party requesting such exclusion. Exclusion of evidence is an "extreme" sanction. *Dychalo* v. *Copperloy Corp.* (1978), 78 F.R.D. 146, 148; *Price* v. *Lake Sales Supply R.M., Inc.* (C.A. 10, 1974), 510 F. 2d 388, 395.

In the instant case there is nothing in the record to indicate that defendant's failure to identify Hammond at an earlier stage in the litigation resulted from bad faith or wilful noncompliance with a court order. While in the trial court's chambers when plaintiff's objection to Hammond's testimony was being discussed, plaintiff's attorneys did not ask for a recess or continuance to take the deposition of Hammond but persisted in the request that the trial court apply the sanction of preventing Hammond from testifying. Plaintiff's attorneys were given time to read Hammond's report before Hammond testified.

Under the facts of this case, we hold that the trial court did not abuse its discretion in permitting Hammond to testify. Therefore, we overrule plaintiff's assignment of error.

*Judgment affirmed.*

DONOFRIO, P.J., and O'NEILL, J., concur.