DECISION.
On April 21, 1993, Kimberly Stojkovic underwent a hysterectomy. Mrs. Stojkovic's understanding of the surgery was that Dr. Timothy Thress, her obstetrician/gynecologist, would perform a relatively new procedure called a laparoscopically-assisted vaginal hysterectomy (LAVH), rather than either an abdominal or a vaginal hysterectomy. Dr. Thress did not perform a true LAVH. Instead, Dr. Thress performed two separate procedures, a diagnostic laparoscopy and a vaginal hysterectomy. Mrs. Stojkovic experienced some pain and discomfort after the operation, together with a drop in hemoglobin levels. On April 23, 1993, once Mrs. Stojkovic stabilized and felt well enough to go home, she was discharged.
Mrs. Stojkovic continued to experience severe pain in her side and back areas. On April 25, 1993, Mrs. Stojkovic went to the emergency room. She was admitted and diagnosed with a hematoma and a partial obstruction, or stricture, of the right ureter. Although the exact cause of the stricture was not definitely identified, the evidence presented by the Stojkovics indicated that the stricture was the result of three possible causes: (1) a hematoma, (2) a stitch accidentally placed in the ureter, or (3) a traction-type injury caused by stitches near the ureter that resulted in a narrowing of the ureter. A surgical procedure was performed on April 26, 1993, to insert a stint into the strictured area of the ureter to allow for the normal flow of fluid through the ureter to the bladder. Mrs. Stojkovic was then discharged on April 27, 1993.
Mrs. Stojkovic continued to have pain. As a result of the recurring pain and recurrent ureteral stricture, Mrs. Stojkovic underwent three more surgeries to insert or extract stints used to open the ureter and clear the obstruction.
As a result of the pain and suffering, lost work time, and family problems associated with Mrs. Stojkovic's hysterectomy and subsequent operations, Mrs. Stojkovic and her husband, Michael Stojkovic, brought suit against Dr. Thress, his associate Dr. Avery, who assisted in the hysterectomy, and the corporation Dr. Thress owned with Dr. Avery, Avery Thress, M.D., Inc. The complaint asserted claims for medical malpractice and battery due to lack of consent. A jury verdict was returned on November 18, 1996, in favor of the Stojkovics and against Dr. Thress. The verdict separately exonerated Dr. Avery.[1] The jury awarded damages in the amount of $7,500 for lost wages only.
Due to what the Stojkovics perceive as an inadequate award of damages, they have appealed to this court, claiming six assignments of error.[2] In their first assignment of error, the Stojkovics argue that the trial court erred in denying their "Motion for Additur, Judgment Notwithstanding the Verdict on Damages, or, in the alternative, Motion for New Trial on Damages Only." In this case, a motion for additur would not have been proper without the express consent of the defendants, which was not given. Slivka v. C.W. Transport, Inc.
(1988), 49 Ohio App.3d 79, 550 N.E.2d 196. Since the trial court could not enter a judgment notwithstanding the verdict (JNOV) based upon the weight of the evidence, the trial court's only alternative would have been to order a new trial. See Civ.R. 50(B); Ruse v. Ruddy (1972), 30 Ohio App.2d 171,283 N.E.2d 818. Therefore, the failure to grant the JNOV motion was not erroneous. We now turn to the motion for a new trial.
Pursuant to Civ.R. 59(A)(4), a trial court may order a new trial if the court finds that there is an inadequate award of damages resulting from passion or prejudice of the jury. SeeYungwirth v. McAvoy (1972), 32 Ohio St.2d 285,291 N.E.2d 739; Iames v. Murphy (1995), 106 Ohio App.3d 627,666 N.E.2d 1147. When reviewing whether the trial court erred in failing to grant a new trial pursuant to Civ.R. 59(A)(4), we must determine whether the court abused its discretion. See Rohdev. Farmer (1970), 23 Ohio St.2d 82, 262 N.E.2d 685;Yungwirth, supra. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. See Tracey v. Merrell DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147,569 N.E.2d 875; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
In assessing the exercise of the trial court's discretion, we must consider (1) the damages awarded and (2) the evidence considered by the jury. See Dillon v. Bundy (1991),72 Ohio App.3d 767, 596 N.E.2d 500; Iames, supra. If the damages awarded by the jury were overwhelmingly disproportionate to the evidence of damages presented by the plaintiffs, the jury may have been influenced by passion or prejudice such that a new trial is warranted. SeeIames, supra; Bailey v. Allberry
(1993), 88 Ohio App.3d 432, 624 N.E.2d 279. Despite the low damages awarded to the Stojkovics, we cannot conclude from our review of the record that the jury was influenced by passion or prejudice, because we cannot determine whether the award was made based upon negligence or upon lack of consent and battery. Therefore, the trial court did not abuse its discretion in failing to grant the Stojkovics' motion for a new trial based upon Civ.R. 59(A)(4).
Our analysis of the Stojkovics' motion for a new trial does not end there. If a reviewing court determines, based upon the evidence, that the damages awarded were wholly inadequate, but there is no evidence that the jury was influenced by passion or prejudice, the reviewing court may, in order to correct a manifest injustice, reverse and remand for a new trial based upon the manifest weight of the evidence. Civ.R. 59(A)(6); see, also,Rohde, supra; Weiss v. Halila (Jan. 31, 1985), Hamilton App. No. C-840221, unreported. When viewed under a weight-of-the-evidence standard, the Stojkovics' motion for new trial based upon inadequate damages has merit.
The jury made clear, through interrogatories, that it considered all of the various damage claims presented by the Stojkovics; however, the jury awarded damages to Mrs. Stojkovic only for $7,500 in lost wages. The jury awarded nothing for other damages, including medical bills, additional lost wages, and pain and suffering. The damages in a civil trial must fully compensate the injured party. Miller v. Irvin (1988),49 Ohio App.3d 96, 550 N.E.2d 501. The damages awarded here simply do not adequately compensate Mrs. Stojkovic for her losses, because the Stojkovics presented evidence that the medical bills totaled $37,727, that lost wages came to $51,697, and that Mrs. Stojkovic suffered pain as a direct result of the hysterectomy. See Iames, supra. The jury's award of damages was contrary to the weight of the evidence presented by the Stojkovics. Therefore, to correct the manifest injustice of the jury's inadequate award of damages, the trial court should have granted a new trial based upon the weight of the evidence.
We must now determine whether to remand for a new trial on damages alone or for a trial on all issues. When liability is not an issue, a new trial on damages only is proper. SeeMast v. Doctor's Hosp. North (1976), 46 Ohio St.2d 539,350 N.E.2d 429; Iames, supra. Unlike our decision in Boldt v. Kramer (May 14, 1999), Hamilton App. No. C-980235, unreported, where the issue of liability was clear and the cause was remanded for a determination of damages only, in this case the jury returned a verdict that did not clearly resolve all the issues of liability, as evidenced by the question in the interrogatory presented to the jury:
 "[W]hat damages * * * were proximately caused by the negligence of Defendant(s) or lack of informed consent
* * * [emphasis added]."
It may be that the jury found for Mrs. Stojkovic on the issue of lack of consent only; however, it may be that the jury found Dr. Thress negligent. The resolution of these issues is essential for the proper determination of damages. It is "patently unfair to the defendant to allow a new trial on damages only," when the issues of liability are not affirmatively established. Iames, 106 Ohio App.3d at 632,666 N.E.2d at 1150; see, also, Bland v. Graves (1993), 85 Ohio App.3d 644,620 N.E.2d 920. In order to be consistent with our conclusion that the award of damages was manifestly unjust on the weight of the evidence, we must remand this case for a new trial on the issues of liability as well as on the issue of damages. See Iames, supra. To do otherwise would substitute our judgment for that of the jury on whether negligence or battery due to lack of consent, or both, proximately caused Mrs. Stojkovic's damages. Therefore, we find the first assignment of error to be well taken, but, unlike the disposition in Boldt, supra, we must remand this case for a new trial on all issues.
In their second assignment of error, the Stojkovics contend that the trial court erred in granting a directed verdict on the issue of punitive damages. We agree. When ruling on a motion for directed verdict, the trial court must construe the evidence most strongly in favor of the non-moving party. See Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66,430 N.E.2d 935. We review, de novo, the trial court's decision on whether to grant a motion for directed verdict. See Nicholsv. Hanzel (1996), 76 Ohio App.3d 1496, 670 N.E.2d 1237.
In determining whether a directed verdict on the issue of punitive damages was improper, we look to see whether the Stojkovics established the following: (1) that the actions or omissions of the defendants demonstrated malice, and (2) that actual damages resulted from the defendants' actions or omissions. See R.C. 2315.21(B); see, also, Malone v.Courtyard by Marriott (1996), 74 Ohio St.3d 440,659 N.E.2d 1242. "Malice" is defined as "(1) a state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." Malone, supra, citingPreston v. Murty (1987), 32 Ohio St.3d 334,512 N.E.2d 1174, syllabus. In medical malpractice actions, malice can also be inferred from the actions of the doctor. The Supreme Court of Ohio has held:
 An intentional alteration, falsification or destruction of medical records by a doctor, to avoid liability for his or her medical negligence, is sufficient to show actual malice, and punitive damages may be awarded whether or not the act of altering, falsifying or destroying records directly causes compensable harm.
 Moskovitz v. Mt. Sinai Medical Center (1994), 69 Ohio St.3d 638, 635 N.E.2d 331.
The Stojkovics presented evidence that the defendants consciously disregarded Mrs. Stojkovic's rights in performing a surgery for which Mrs. Stojkovic had not given consent, which then resulted in the stricture of Mrs. Stojkovic's ureter. Additionally, there was some evidence that Dr. Thress altered or destroyed medical records to avoid liability. Therefore, whether Dr. Thress acted in a manner that demonstrated actual malice was a matter that the jury should have decided based upon the evidence presented by the Stojkovics. Accordingly, we hold that the trial court eroneously granted the directed verdict on the issue of punitive damages, and we sustain the Stojkovics' second assignment of error.
In their third assignment of error, the Stojkovics claim that the trial court erred in allowing two nurses to testify regarding hospital routine, when those nurses were not disclosed in discovery. The trial court has discretion to control what evidence is presented or excluded when a party fails to comply with discovery. See Cucciolillo v. East Ohio Gas Co.
(1980), 4 Ohio App.3d 36, 446 N.E.2d 175. Thus, when the witnesses to be called by a party have not been disclosed in discovery, the trial court may prevent those witnesses from testifying. See Civ.R. 37(B)(2)(b); see, also,Cucciolillo, supra; Price v. ClevelandClinic Foundation (1986), 33 Ohio App.3d 301,515 N.E.2d 931.
In this case, the trial court entertained a motion to exclude the nurses as defense witnesses. The court stated that it wanted the testimony to come in, but that it would continue the trial to allow the Stojkovics to depose the witnesses. The trial court also stated that it would declare a mistrial if that would satisfy the Stojkovics. The Stojkovics decided not to accept a continuance, but to press on with the trial provided that they could examine the witnesses on voir dire prior to their testimony. Since the trial court gave the Stojkovics every opportunity to depose the witnesses, offered to declare a mistrial, and allowed for a voir dire, it cannot be said that the court abused its discretion by allowing the nurses to testify on the issue of hospital routine. In effect, the Stojkovics' decision to move forward with the trial, when the court offered other alternatives, acted as a waiver of this issue. Therefore, the third assignment of error is overruled.
In the Stojkovics' fourth assignment of error, they challenge the following jury instruction:
 Plaintiffs must prove to you by the greater weight or the preponderance of the evidence that the defendant failed to obtain consent to perform the surgery performed, and that the defendants were negligent, and that the claimed negligence proximately caused the damages to plaintiff.
Specifically, the Stojkovics allege that the trial court erred in instructing the jury that the plaintiffs had to proveboth lack of consent and negligence, rather than lack of consent or negligence, or both. A reviewing court must look at the totality of the jury charge in determining whether a portion of it was harmless or prejudicial. See State v. Price (1979), 60 Ohio St.2d 136,398 N.E.2d 772; see, also, Clark v. Doe (1997), 119 Ohio App.3d 296,695 N.E.2d 276; Kurzner v. Sanders (1993), 89 Ohio App.3d 674,627 N.E.2d 564. "A jury charge is considered prejudicial if it `probably misled the jury in a matter materially affecting the complaining party's substantial rights.'" Strange v. Bethesda Hosp. (Dec. 4, 1996), Hamilton App. No. C-941005, unreported, citing Becker v. LakeCty. Mem. Hosp. West (1990), 53 Ohio St.3d 202, 208,560 N.E.2d 165, 171.
Despite an objection by the Stojkovics, the trial court failed to provide a curative instruction for this apparent error; however, that does not mean that the jury instruction was, given the totality of the instructions, prejudicial. The instruction actually was meant to introduce the jury to the standard of proof in this case. Later jury instructions dealt specifically with the separate issues of lack of informed consent, negligence, and battery, including what the jury had to find in order to impose liability on the defendants. Therefore, in the context of the jury instructions as a whole, the challenged instruction was not prejudicial to the Stojkovics. Accordingly, we overrule the Stojkovics' fourth assignment of error.
In the Stojkovics' fifth assignment of error, they complain that the trial court erred in failing to give to the jury the following instruction:
 One who suffers personal injury because of the negligence of defendants, whose injuries are aggravated by the subsequent negligence of a physician[,] can recover for the entire injury from the original tortfeasor. The aggravation is a proximate cause of the actions of the original tortfeasor [citations omitted].
The Stojkovics presented this jury instruction, among others, for inclusion in the general jury charge. The Stojkovics failed to object when this instruction was not made a part of the jury charge. Thus, they have waived any error in regard to the failure to give such an instruction. Stevens v. RavennaAluminum Industries, Inc. (1996), 114 Ohio App.3d 472,683 N.E.2d 403. Therefore, this assignment of error is overruled.
In their final assignment of error, the Stojkovics claim that the trial court erred by instructing the jury that if it could not agree on any specific amount of damages, it could nonetheless award nominal damages. Were this case limited strictly to liability based upon an act of negligence, with damages being an essential element of that tort, such a jury instruction on nominal damages would have been reversible error. SeeAnderson v. St. Francis-St. George Hosp. (1992), 83 Ohio App.3d 221,229, 614 N.E.2d 841, 847, citing Craig v.Chambers (1867), 17 Ohio St. 254, syllabus. In a negligence case, if there are no damages, the jury must return a verdict for the defendant. See Younce v. Baker (1966), 9 Ohio App.2d 259,224 N.E.2d 144; Cunningham v. Capo (June 7, 1984), Hancock App. No. 5-83-10, unreported. Such is not the case, however, when a tort other than negligence has been committed.
 Even though a surgical operation is beneficial or harmless, it is, in the absence of a proper consent to the operation, a technical assault and battery for which the patient may recover damages, but only nominal damages, and the surgeon is entitled to have the jury so instructed.
Lacey v. Laird (1956), 166 Ohio St. 12, 139 N.E.2d 25, paragraph one of the syllabus; see, also, Anderson,supra; Anderson v. St. Francis-St. George Hosp.
(1996), 77 Ohio St.3d 82, 87, 671 N.E.2d 225, 229.
In this case, the jury instruction pertaining to nominal damages immediately followed an instruction explaining the tort of battery in the context of a lack of consent. The trial court stated:
 If you find for the plaintiff, and that Mrs. Stojkovic has not consented to the April 21, 1993, surgery, but the plaintiff failed to prove by the greater weight of the evidence any amount of damages, you may award plaintiff nominal damages. Nominal means trifling or small. Nominal damages are generally $10 or less.
The foregoing language has been set forth in the Ohio Jury Instructions and cited in numerous cases. 1 Ohio Jury Instructions (1996), Section 23.93; see, e.g.,Lacey, supra. Since this case involves the issue of a battery due to lack of consent for a surgical procedure, we hold that a jury instruction on nominal damages was appropriate. Lacey, supra. Therefore, we overrule the sixth assignment of error.
In sum, we find the Stojkovics' first and second assignments of error to be well taken, but overrule assignments of error three through six. Thus, we reverse the trial court's judgment and remand this cause for a new trial.
Judgment reversed and cause remanded.
 Sundermann, P.J., and Shannon, J., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] The trial court placed the final judgment on its journal on January 7, 1997. It incorporated the jury's verdict and included a finding against Avery Thress, M.D., Inc., which was not expressly addressed in the jury's verdict. While neither party challenges the imposition of liability on Avery Thress, M.D., Inc., absent an affirmative finding by the jury, our disposition of this case makes that issue moot.
[2] A cross-appeal filed by Dr. Thress and Avery Thress, M.D., Inc., was dismissed due to an untimely filing of the notice of appeal.