OPINION
Appellant, Deanne Sommer, a passenger in an automobile that struck a deer, challenges the jury verdict finding for the defendant driver, appellee Jill Davidson, on Sommer's personal injury claims. Sommer claims Judge Nancy R. McDonnell erred in permitting Davidson's accident reconstructionist to testify on matters in violation of Loc.R. 21.1 of the Court of Common Pleas of Cuyahoga County General Division and Civ.R. 26(E) and, additionally, that the verdict was against the manifest weight of the evidence. We disagree and affirm.
We glean from the record the following: On October 21, 1996, at about 7:25 p.m., Davidson, operating her 1975 Toyota Celica, and front seat passenger, Sommer, were northbound on Interstate 71 within Ashland County. Davidson was driving in the inside lane at a speed of 65 mph with the cruise control engaged. The Toyota was overtaking a red car located in the outside lane when Davidson noted, through the use of her driver's side mirror, that a vehicle behind her in the inside lane approached quickly, was very close to the rear of her car, and then decelerated. She kept her eyes on the mirror for approximately three to five seconds.
When Sommer was looking at the red car as they were passing it and saw it suddenly slow, she noted that its driver had a surprised look on his face and, as a result, she continued to watch the red car trail off behind the Toyota thinking that it had a flat tire or a mechanical problem. When the red car did not pull off the road, Sommer turned and looked through the Toyota's windshield, saw a deer standing in a westerly direction across the white line separating the two lanes, and screamed "Oh, God".
Davidson looked from the mirror directly at Sommer and, seeing a terrified expression on her face, looked out the windshield and saw the deer. Davidson then slammed on the brakes and swerved to the left, but was unable to avoid a collision with the deer. Davidson admitted that had she been paying attention to the road she would have seen the deer sooner and been able to slow down and get around the deer.
As a result of the impact, Sommer claimed injury to her neck and upper back, which is now chronic in nature, and developed a fatigue syndrome that has significantly impaired her ability to work. Sommer filed a complaint alleging negligence against Davidson on January 24, 1997, voluntarily dismissed it, re-filed it on January 30, 1998, and presented her case to a jury on June 30, 1998.
Bernard L. Richards Ph.D, Sommer's accident reconstructionist, opined that had Davidson been looking forward as she was driving and not at her side mirror, she could have seen what the driver of the red car saw, and easily stopped the Toyota prior to the area of impact.
The only witness presented by Davidson was Henry Lipian, a traffic crash reconstructionist. When asked whether Davidson could have stopped her car before she struck the deer, Lipian's opinion, based upon the evidence he had reviewed, was that Davidson had neither sufficient time nor distance to have avoided the crash. He went on to state that there is a significant difference between day and nighttime crashes; daylight affords a driver the ability to see both contrast and color, while at night, the driver can only see contrast, unless there is sufficient artificial light on the object to differentiate color. At night one's view of contrast is heightened when an object is in motion, rather than stationary.
Lipian rendered an opinion that, using low beam headlights, a driver would be fortunate to see a dark non-reflective object such as a deer at a distance of 150 to 175 feet. He concluded that because it would take at least 200 feet to skid to a stop plus the distance traveled during the normal reaction time before applying the brakes, even if Davidson had been looking straight ahead and not taken her eyes off the road, at 65 mph Davidson had neither the time nor the distance to avoid the collision.
All eight persons on the jury found in favor of Davidson and against Sommer.
Sommer's first assignment of error reads:
 I. THE TRIAL COURT ERRED IN PERMITTING DEFENSE EXPERT HENRY LIPIAN TESTIFY (SIC) BEYOND HIS REPORT AND IN VIOLATION OF LOCAL RULE 21.1 AND CIVIL RULE 26(E).
Sommer maintains that the judge abused her discretion when she failed to exclude those parts of Lipian's testimony, referring to distances headlights can illuminate non-reflective objects, because such information was never disclosed in his report or during his deposition. She maintains that Lipian's opinions prior to trial, based upon time and speed, changed at trial to illumination and distance causing her complete surprise and prejudice.
Davidson counters that the entire scope of Lipian's testimony was disclosed in the discovery phase, and, as a result, no prejudice exists.
Loc.R. 21.1 provides in pertinent part:
 (B) A party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel. It is counsel's responsibility to take reasonable measures including the procurement of all reports to ensure that each report adequately sets forth the expert's opinion. However, unless good cause is shown, all supplemental reports must be supplied no later than 30 days prior to trial. The report of an expert must reflect his opinions as to each issue on which the expert will testify. The expert will not be permitted to testify or provide opinions on issues not raised in his report.
Civ.R. 26 provides in pertinent part:
 (E) A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
 (1) A party is under a duty to reasonably supplement his response with respect to any questions directly addressed to (a) identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify.
In their application, both Loc.R. 21.1 and Civ.R. 26 permit a judge to exercise his discretion in the enforcement of a rule of discovery, and any sanctions accompanied with the non compliance of Civ.R. 26(E). Laster v. Light (March 16, 1995), Cuyahoga App. No. 66747, unreported, citing Cuccilillo v. East Ohio Gas Co.
(1980), 4 Ohio App.3d 36, 446 N.E.2d 175. Loc.R. 21.1 affords the judge the discretion to determine compliance, and in its absence, exclude the offending expert testimony. Pang v. Minch (1990),53 Ohio St.3d 186, 559 N.E.2d 1313. See, also, Weyls v. UniversityHosp. (July 28, 1994), Cuyahoga App. No. 65803, unreported.
We agree with Judge McDonnell that Sommer was not unfairly surprised by Lipian's testimony at trial. She was provided during discovery with the report discussing the distance at which a deer could be perceived and his opinion that the crash was unavoidable. During his deposition on June 18, 1998, Sommer could have inquired into the basis of that opinion but did not. Savagev. Correlated Health Service (1992), 64 Ohio St.3d 42,591 N.E.2d 1216.
Accordingly, this assignment of error is not well taken.
Sommer's second assignment of error reads:
 II. THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Sommer contends that, absent Lipian's testimony about illumination, there was no compelling evidence to support the jury verdict. She points out that Davidson admitted she was not paying attention and had she been looking forward she probably would have seen the deer sooner. Sommer argues that her testimony concerning the driver of the red car displaying a shocked expression and decelerating three to four seconds before she, herself, turned and looked through the windshield and saw the deer, implied that this other driver saw the deer at a distance that permitted him to avoid the crash. She asserts that given this fact there should be no dispute over the fact that had Davidson began to brake her car three to four seconds earlier, the car would have stopped before hitting the deer.
Davidson counters that the jury correctly concluded that she was not negligent in looking at her mirror or failing to anticipate a deer on the highway.
In reviewing a civil case, a judgment will not be found to be against the manifest weight of the evidence if it is supported by competent, credible evidence going to all the material elements of the case. Chandler Assoc., Inc. v. America's HealthcareAlliance, Inc. (1997), 125 Ohio App.3d 572, 709 N.E.2d 190. See, also, Monarch Steel Co. v. Communication Solutions, Inc. (March 20, 1997), Cuyahoga App. No. 70509, unreported. A reviewing court should indulge every reasonable presumption in favor of the lower court's judgment. Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223,226, 638 N.E.2d 533. See, also, Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273. Any evidence capable of more than one interpretation should be construed consistently with the lower court's judgment. Gerijo, Inc.,supra. See, also, Ross v. Ross (1980), 64 Ohio St.2d 203,414 N.E.2d 426.
The evidence presented at trial, and the documents provided in our record, clearly indicate that reasonable minds can conclude that Davidson did not have ample warning of the deer in her path to avoid the collision. The testimony of Mr. Lipian is resolute in this fact, and the description of the accident by Sommer, also supports this conclusion. Seeing that the jury verdict is supported by competent and credible evidence relating to Davidson's negligence, or lack thereof, this judgment cannot be disturbed as being against the manifest weight of the evidence. This assignment of error is without merit.
Judgment affirmed.
It is ordered that the appellee recover from appellant her costs herein taxed.
This court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., CONCUR; JAMES D. SWEENEY, J., CONCURRINGIN JUDGMENT ONLY.
 _________________________________ ANNE L. KILBANE, JUDGE