JOURNAL ENTRY AND OPINION
This is an appeal from an order of Visiting Judge William Mahon that granted appellee Granger Trucking (Granger) a directed verdict on appellant Steve Cheek's claims for overtime pay under the Fair Labor Standards Act, Section 207, Title 29, U.S. Code, and for retaliatory termination. Cheek claims that, because of Granger's discovery violations, Judge Chris Boyko should have granted him summary judgment before trial, that Judge Mahon erroneously excluded witnesses and failed to specify the reasons for granting the directed verdict, and that he presented sufficient evidence to have the jury decide his case. We reverse and remand.
From July 1, 1996 until January 5, 1999, Cheek worked as a truck driver for Granger under a union contract which provided, in part, that drivers would be paid for time worked from garage to garage. Granger provided trucking services to excavation and construction contractors, and dispatched trucks to various job sites on a daily basis. In September 1998 a dispute arose concerning Granger's failure to pay its drivers for their travel time between leaving the truck garage and arriving at the job sites, and from the job sites back to the garage. Cheek also complained that he was not paid for time spent at the garage both washing and inspecting his truck before and after his shifts. In November 1998 he was disciplined for refusal to work resulting from an incident in which he left work rather than accept an unattractive assignment, and was accused of calling Granger's dispatcher an expletive over the truck's radio. On November 19, 1998, he filed a written grievance requesting payment for uncompensated time worked between August 1998 and November 1998.
Cheek filed a grievance about his termination with his union but, apparently, did not appear at a scheduled arbitration hearing and received no relief. On June 4, 1999, he filed a complaint alleging that Granger owed him $18,936 in unpaid wages under the Fair Labor Standards Act, Section 207, Title 29 U.S. Code, (FLSA), and that he had been wrongfully terminated in retaliation for his wage demands. In response, Granger filed a Civ.R. 12(E) motion for a more definite statement, which was stricken because it was not properly served, and a hearing was set on Cheek's motion for default judgment. On September 20, 1999, two days before the scheduled default hearing, Granger requested leave to file an answer instanter, and submitted a proposed answer. The judge overruled the motion for default judgment, granted the requested leave, and ordered Granger to file its answer within ten days. Although Granger did not then file its answer, it appears that both Cheek and the judge accepted the proposed answer, attached to the request for leave to file instanter, as an adequately filed answer.
September 23, 1999 ruling also set a discovery deadline of January 5, 2000, a dispositive motion deadline of March 1, 2000, and a trial date for June 5, 2000. On November 29, 1999, Cheek moved for summary judgment, claiming that all the material elements of his complaint were deemed admitted because Granger failed to respond to his Civ.R. 36 requests for admissions, served on August 11, 1999. On December 20, 1999, Granger requested a Civ.R. 56(F) extension of time to respond to that motion, claiming it had not received Cheek's discovery requests, and that it needed time to obtain outstanding discovery from Cheek. Cheek opposed the requested extension, stating, inter alia, that Granger had never requested any discovery.
When Granger's lawyer failed to appear for a pretrial conference on January 5, 2000, the judge issued a ruling that noted the failure, granted Cheek leave to move for sanctions, and stated that [a]ll other dates remain. On March 29, 2000, he awarded Cheek $300 in attorney's fees as a sanction, overruled the motion for summary judgment and ordered Granger to respond to Cheek's discovery requests within ten days. He also rescheduled the final pretrial to May 24, 2000. On April 28, 2000, Cheek again moved for summary judgment, stating that Granger had not yet responded to his discovery requests, and also moved for sanctions under Civ.R. 37. On May 2, 2000, the judge denied Granger's 1999 Civ.R. 56(F) motion as moot because he had denied Cheek's first motion for summary judgment. At that time, his second motion for summary judgment was still pending.
On May 5, 2000, Granger submitted its first discovery requests to Cheek, and on May 17, 2000, it requested a sixty-day extension of the discovery deadline, despite the fact that the deadline had seemingly passed on January 5, 2000, and trial was scheduled for June 5, 2000. As justification for its failure to seek any discovery by the January deadline, Granger attached the affidavit of its lawyer averring that he was injured on February 16, 2000, underwent surgery two days later, and had fallen behind in his work while recuperating. On May 19, 2000, Cheek moved for a protective order, arguing that Granger's discovery requests were submitted too close to trial and that the requested sixty-day extension would last beyond the June 5, 2000 trial date. On May 24, 2000, Granger requested a continuance of trial, again stating that its lawyer's injury necessitated the delay.
On June 7, 2000, the judge granted the extension of discovery, overruled Cheek's motion for a protective order, granted the motion to continue trial, and both parties engaged in further discovery. On July 13, 2000, Granger moved to dismiss for failure to exhaust administrative remedies, based on Cheek's apparent abandonment of the arbitration proceeding arising under the union contract, but the motion was overruled. On August 29, 2000, it moved for a protective order to prevent Cheek's lawyer from interviewing its truck drivers outside the presence of its lawyer, but the judge denied that motion on the basis that the truck drivers were not management employees, and had no power to bind Granger through their statements.
Trial was rescheduled for October 2, 2000, Granger filed its trial brief and witness list on September 25, 2000, while Cheek filed his September 26, 2000. Two days later Granger moved to exclude all witnesses on Cheek's list except the plaintiff, claiming that he violated Loc.R. 21 of the Court of Common Pleas of Cuyahoga County, General Division, when he filed the list six days in advance of trial instead of the required seven, and had not disclosed the witnesses in response to interrogatory requests. Among the witnesses on Cheek's list were Granger truck drivers who, Cheek claimed, he had disclosed during his August 18, 2000 deposition and that Granger was otherwise aware that each might be called as witnesses because it had attempted to prevent him from interviewing them through its August 29, 2000 motion for a protective order.
The judge apparently found in Granger's favor and issued a ruling that stated, in part: Defendant's Motion to prohibit Plaintiff's use of witnesses not disclosed during discovery is granted. The ruling, however, although signed and dated, was never journalized. On the day of trial the case was reassigned to Judge Mahon who declared he would abide by Judge Boyko's ruling and refused to hear further argument on the witness issue.
Cheek testified and then attempted to call Anthony Scaffidi and Joseph Werchelowsky as witnesses, but each was excluded on the grounds that Judge Boyko's ruling found that the witnesses were not disclosed in discovery. Cheek then called, without objection, Frank Bianchi, Granger's corporate representative who also had not been disclosed as a witness in discovery responses, and then rested his case.
Granger moved for a directed verdict, arguing that the evidence of Cheek's disciplinary problems negated any claim of wrongful discharge, and that he failed to provide any corroborating evidence, through witnesses or documents, that Granger failed to pay him for inspecting and washing his truck, and for travel to and from job sites, and the motion was granted.
Cheek's first assignment of error states:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO GRANT THE APPELLANT'S TWO MOTIONS FOR SUMMARY JUDGMENT BASED UPON THE RULE 36 ADMISSIONS OF THE DEFENDANT AND LATER THE MISCONDUCT AND CONTEMPT OF APPELLEE'S COUNSEL.
Cheek claims that Granger's failure to respond to his requests for admissions rendered them conclusively admitted, and that it was an abuse of discretion to order it to respond to the motions rather than to grant him summary judgment. Civ.R. 36(A) states, in relevant part:
 Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.
Civ.R. 36(B) then provides that [a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Cheek argues that it was error to deny his motions for summary judgment not only because Granger failed to respond to his requests for approximately nine months,[1] including failing to timely respond after the court ordered it to do so, but because it never moved, pursuant to Civ.R. 36(B), to withdraw or amend its admissions after they had been deemed admitted due to the failure to respond.
Although Civ.R. 36(A) appears to deem requests admitted if no response is made within the allotted time, a judge has discretion to allow withdrawal or amendment under Civ.R. 36(B), and is empowered to act even in the absence of a written motion under that rule.[2] A judge may permit withdrawal or amendment of an admission:
 when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.[3]
This court has stated that this rule is permissive, not mandatory, and that a party should not be relieved of the duty to submit timely responses absent compelling circumstances.[4]
In this case, Granger did not respond to Cheek's requests for admission between August 11, 1999, and December 20, 1999, and when faced with the motion for summary judgment based upon that failure, it only moved for a Civ.R. 56(F) extension of time to respond to the summary judgment. Over the next ninety days, while both motions were pending, Granger did not respond to the requests and even violated the order that it respond by April 10, 2000, prompting Cheek to again move for summary judgment. Granger never sought an extension of time to respond to the requests for admission nor offered any explanation for its failure to respond. Three weeks before the scheduled trial, in an effort to extend the discovery deadline and continue the trial date, Granger's justification for its failure to seek discovery and prepare for trial was its lawyer's February injury. This excuse, however, did not account for its failure to respond to the requests or conduct any discovery before February 2000 or its failure to respond, whether by a motion for extension of time or otherwise, to the judge's March 29, 2000 order requiring its responses within ten days.
The judge has a greater ability to assess the parties' ability and willingness to cooperate in discovery, and hence has broad discretion in controlling the conduct of discovery and in issuing sanctions for violations.[5] Therefore, although it is a close question, we will not find an abuse of discretion in allowing Granger to respond to Cheek's requests for admissions some nine months after their submission. The first assignment of error is overruled.
The second assignment states:
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING THE DEFENDANT-APPELLEE'S MOTION TO EXCLUDE WITNESSES CALLED TO TESTIFY ON BEHALF OF THE PLAINTIFF-APPELLANT IN SUPPORT OF HIS FLSA CASE.
Judge Mahon excluded Cheek's witnesses based upon Judge Boyko's apparent ruling that excluded any witness not previously identified in discovery, and on Granger's representation that Cheek had failed to identify any witness other than himself in discovery. Judge Boyko's order, however, was never journalized and Cheek argued that he had in fact identified witnesses during deposition, although he had failed to identify them in his responses to Granger's interrogatories.
Because that order was never journalized, Judge Mahon's adoption of its ruling is of no effect and, because he provided no independent reasons for his ruling, the exclusion of Cheek's witnesses was arbitrary and an abuse of discretion.[6] Moreover, even if that order had been journalized, we would find it resulted from an abuse of discretion, because there was no showing that Granger would be prejudiced by permitting Cheek's witnesses to testify, or that it could not depose those witnesses prior to trial.
The judge was extremely lenient when he permitted Granger to avoid responding to Cheek's discovery requests between August 1999 and May 2000, and when he granted its requests to extend the discovery deadline and continue trial, despite the fact that it had no explanation for failing to conduct any discovery prior to the original discovery deadline. After exhibiting such a relaxed attitude toward compliance with discovery rules, he abused his discretion when he then punished Cheek for filing his witness list one day late, and for failing to supplement his July 12, 2000 interrogatory responses by identifying the witnesses after he had named them in his August 18, 2000, deposition.
Although a judge may exclude witnesses as a sanction for failure to comply with Civ.R. 26(E), the party requesting exclusion must show the sanction is necessary, and such action is considered a remedy of last resort.[7] If prejudice can be eliminated through further discovery or more limited sanctions, a judge is encouraged to admit the evidence and allow the case to be decided on its merits.[8] Cheek named Scaffidi and others[9] as Granger truck drivers who had indicated a willingness to testify and corroborate his claims that Granger failed to compensate the drivers for travel time, inspections, and truck washing. Granger was well aware of Cheek's intention to present his co-workers' testimony because it attempted to obtain a protective order to stop him from interviewing any drivers outside its lawyer's presence. Therefore, although the exact identity of all the drivers was unknown, the issues involved were clear and Granger, within the time remaining before trial, should have been able to depose identified drivers on the witness list without undue difficulty.
We do not suggest that a judge who exhibits flexibility in discovery procedure waives his ability to require compliance with discovery rules later in the proceedings, but in this case, the extraordinary leniency toward Granger was inexplicably withheld from Cheek, under circumstances where viable alternatives to exclusion were available. Granger was given numerous opportunities to ensure that it could try its case on the merits, but Cheek was given none. Furthermore, despite knowing of Cheek's intentions, Granger did not move to compel the names of the driver witnesses and sought only to exclude them, circumstances that count against its burden of showing prejudice.[10] Therefore, even if the pretrial ruling had been journalized, the ruling was itself an abuse of discretion.
Finally, although cast as a motion in limine, Granger's request for exclusion of witnesses requested a final order, and Judge Mahon treated the purported ruling as a final determination of the issue. In such cases there is no need to proffer the excluded testimony.[11] Because the pretrial ruling excluded witnesses for discovery violations rather than on evidentiary grounds, it was more akin to a protective order, and thus should not be treated like a motion in limine:
 [U]nlike a motion in limine, a protective order is a permanent remedial sanction which does not involve evidentiary issues. Therefore, an objection or proffer is unnecessary, as the context of the issuance is not something to be developed at trial. Any claimed error involving the sanctions imposed by a protective order excluding the prospective testimony of the witnesses will not be concerned with the testimony itself, but with the conduct of the parties prior to the order's issuance. Accordingly, there is nothing for an objection or proffer to preserve.[12]
Therefore, although Granger claimed at oral argument that Cheek waived error by failing to proffer the witnesses' testimony, the nature of the exclusion rendered a proffer unnecessary. The second assignment of error is sustained.
Cheek's third and fourth assignments state:
 III. THE TRIAL COURT REVERSIBLY ERRED IN GRANTING A DIRECTED VERDICT AFTER THE PRESENTATION OF THE PLAINTIFF'S CASE.
 IV. THE TRIAL COURT REVERSIBLY ERRED IN GRANTING A DIRECTED VERDICT AFTER THE PRESENTATION OF THE PLAINTIFF'S CASE AND BY FAILING TO STATE THE BASIS THEREFORE AS REQUIRED BY OHIO CIVIL RULE 50(E).
Our resolution of the second assignment of error renders these assignments moot and we need not address them.[13] Granger, however, argues that we can affirm the judge's decision on alternative grounds because Cheek failed to satisfy the interstate commerce requirements of the FLSA, that Granger was involved in interstate commerce or had gross revenues in excess of $500,000. We disagree. Cheek testified that, while employed at Granger, he personally worked on construction projects involving interstate highways, an activity that certainly satisfies the interstate commerce requirements of the FLSA. The $500,000 gross revenues requirement stated in Section 203(s)(1)(A)(ii), Title 29, U.S. Code, did not have to be proven because the $500,000 threshold applies only when the employee is not personally involved in interstate commerce activities, but is employed by an enterprise engaged in interstate commerce.[14] We therefore reject Granger's claim that Cheek failed to show it was subject to the federal FLSA.[15]
Judgment reversed and remanded.
It is ordered that the appellant recover from the appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and COLLEEN CONWAY COONEY, J., CONCUR
[1] It appears that Granger responded to the requests sometime between May 3, 2000 and June 21, 2000.
[2] Balson v. Dodds (1980), 62 Ohio St.2d 287, 290 and n. 2, 16 O.O.3d 329, 405 N.E.2d 293, 295-296 and n. 2.
[3] Id., paragraph two of the syllabus; Civ.R. 36(B).
[4] Sandler v. Gossick (1993), 87 Ohio App.3d 372, 378,622 N.E.2d 389.
[5] Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254,662 N.E.2d 1, syllabus.
[6] In re Adoption of Gibson (1986), 23 Ohio St.3d 170, 173 and n. 3, 23 OBR 336, 492 N.E.2d 146, 148 and n. 3.
[7] Cucciolillo v. E. Ohio Gas Co. (1980), 4 Ohio App.3d 36, 38, 4 OBR 59, 446 N.E.2d 175, 176; Nickey v. Brown (1982), 7 Ohio App.3d 32, 34, 7 OBR 34, 454 N.E.2d 177, 180; Billman v. Hirth (1996), 115 Ohio App.3d 615,620, 685 N.E.2d 1287, 1290.
[8] Nickey, 7 Ohio App.3d at 34, 454 N.E.2d at 181; Billman,115 Ohio App.3d at 621, 685 N.E.2d at 1291.
[9] Werchelowsky was not among those specifically named.
[10] Cucciolillo and Nickey, supra.
[11] Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 86
n. 5, 19 OBR 123, 482 N.E.2d 1248, 1251 n. 5.
[12] (Emphasis sic.) Laubscher v. Branthoover (1991), 68 Ohio App.3d 375,383, 588 N.E.2d 290, 295.
[13] App.R. 12(A)(1)(c).
[14] Section 207(a)(1), Title 29, U.S.Code.
[15] Cheek argues that Granger's interstate commerce claim is an affirmative defense, an issue on which we express no opinion.